[No. 4988.  Decided December 20, 1904.]

COMMERCIAL INVESTMENT COMPANY, *Appellant,* v. THE
NATIONAL BANK OF COMMERCE OF TACOMA,
*Respondent.*[1]

COVENANTS—BREACH—DAMAGES—ASSUMPTION OF MORTGAGE—
FAILURE TO PAY—MEASURE OF DAMAGES — PARTIAL RESCISSION.
Where, upon the settlement of various differences and indebted-
ness, the plaintiff conveyed certain lands to the defendant, sub-
ject to mortgages, under an agreement that the defendant should
pay off all the mortgage indebtedness and save the plaintiff from
costs or suits thereon, a breach of defendant's covenant in failing
to pay one certain mortgage whereby plaintiff was subjected to a
suit thereon, does not entitle the plaintiff, after full performance,
to rescind the contract in part, and recover as damages the whole
consideration for such broken covenant, since the contract is an
entirety and must be rescinded as a whole, if at all, and the rem-
edy is found in an action for the actual damages sustained.

SAME—COMPLAINT—SUFFICIENCY.  In such a case, where the
complaint alleges that the plaintiff elects to recover damages
rather than have a rescission of the contract, and claims damages
in the sum of $45,595.78 as the difference between the value of the
property and the amount received for it, and it further appears
by the pleadings that the mortgage, which went to foreclosure in
violation of defendant's covenant to save plaintiff from suit there-
on, was finally paid by the defendant and the judgment satisfied,
and plaintiff's complaint alleges no special damages on account of
such mortgage or suit thereon, it was not error, on defendant's
motion for judgment on the pleadings, to hold that no cause of
action was stated in the complaint on which substantial damages
could be recovered, as the plaintiff was entitled only to nominal
damages under the facts shown.

APPEAL AND ERROR—REVIEW—NOMINAL DAMAGES—CONTROVERSY
OVER COSTS.  The appellate court will not reverse a judgment for
error in refusing to give nominal damages, since an appeal will
not be entertained for the purpose of determining who is entitled
to costs.

Appeal from a judgment of the superior court for
Pierce county, Snell, J., entered March 19, 1903, upon
[1] Reported in 78 Pac. 910.

granting defendant's motion for judgment on the pleadings, in an action for damages for breach of a covenant to assume mortgages, and save the plaintiff from suits thereon.    Affirmed.

*T. O. Abbott,* for appellant.

*Bogle & Richardson* and *Bates & Murray,* for respondent.

FULLERTON, C. J.—In this action the appellant sought to recover from the respondent $43,595.78, as damages for a breach of a contract.    In its complaint the appellant alleged, in substance, that, for some years prior to the 10th day of September, 1892, it had extensive business dealings with respondent, during the course of which it became indebted to the respondent in the sum of $10,666.66 on its own account, the sum of $6,519.94 on account of notes discounted by the respondent which had not been paid by the makers thereof, and the further sum of $10,570.98 on account of notes upon which it was an accommodation endorser; that it owned at such time a large amount of real property of the then value of $101,250, but upon which there were sundry mortgages which, taken together, and with the indebtedness above mentioned, aggregated the sum of $43,988.22; that on the date above named the appellant and respondent, at the request of the respondent, mutually agreed to settle up and discontinue their business relations; that, during the course of such settlement, differences arose between them as to such settlement, and the respondent threatened the appellant with suit; that it was also threatened with suit by certain of the mortgagees holding mortgages upon its real property; and that, "for the purpose of arriving at a compromise and settlement of all the liabilities of plaintiff to defendant, and of all

matters of difference and dispute between them of what-
soever nature, express or implied, and also of the said
mortgage liens upon said premises, with the express ob-
ject and purpose of avoiding any suits, or other pro-
ceedings at law," it entered into an agreement of settle-
ment with the respondent, being partly in writing and
in part oral, the terms of which were, in substance,
these:   The appellant agreed to pay to the respondent,
on accounts other than those above mentioned, the sum
of $16,320.64, and, in satisfastion of the above men-
tioned accounts, agreed to deed to the respondent the
real property above referred to.   In consideration for
which the respondent agreed, (1) to cancel all of the
obligations of the appellant to the respondent; (2) return
to the appellant the collateral held by it as security for
such indebtedness; (3) accept the deed to the real prop-
erty mentioned; (4) assume and pay all of the mort-
gages thereon; (5) not sue appellant on any of such in-
debtedness; (6) that it would not permit appellant to
be sued on account of any of the mortgages then upon
the real property, but would pay the same according
to the terms thereof, and save the respondent harmless
from all interest, costs, and expenses thereof; and (7)
that it would grant to the appellant one year in which
to repurchase the real property or any part thereof.

It alleged that the conditions of the agreement which
were to be performed on the part of the appellant, as
well as those numbered 1, 2, 3, and 5, on the part of
the respondent, were oral; that those numbered 4 and 7
were in writing, while that numbered 6 was partly in
writing and partly oral.   It alleged, also, that the appel-
lant performed all of the agreements on its part to be
kept and performed; that the respondent failed to keep
its part of the agreement in that it refused to pay a cer-

19-36 WASH.

tain mortgage for $2,300, made to the Mason Mortgage Loan Company, by the appellant, on lands included within the deed; and caused and induced the owner and holder of the same to institute proceedings against the appellant for the foreclosure thereof; that, in pursuance of the respondent's request, the holder of the note and mortgage did begin such an action, in which the respondent appeared and filed an answer denying any liability on its part to pay the note and mortgage, and alleging that the deed above mentioned was never delivered to it, or accepted by it, nor by any person lawfully authorized to act for it in that behalf; that the appellant was compelled to and did appear in the action and enforce against the respondent the agreement above mentioned, so successfully, in fact, that judgment was rendered against the respondent, as the principal debtor, for the amount due upon the note and mortgage; that the appellant appealed to the supreme court from such judgment, that the same was there affirmed, with increased costs against the respondent, and that the respondent had never paid any part of such judgment, nor the costs, nor any part of any of such sums.

It was further alleged that the respondent entered into a conspiracy with one Deming and others, for the purpose of avoiding the payment of the judgment, and that, to harass and embarrass the respondent, and thereby make it pay the judgment, it instituted a suit for the purpose of securing a rescission of the sale of the note and mortgage from Deming, who formerly owned it, to Wheeler, who was plaintiff in the action in which the judgment was recovered, making the appellant a party defendant therein, compelling it to appear and procure a dismissal of the action as to itself.

It is further alleged that, by reason of these acts, the respondent has refused to carry out the contract, and has destroyed and rendered nugatory the object and purpose of the agreement, and the benefits therefrom which would otherwise have accrued to the appellant; that the premises conveyed have greatly depreciated, and are of small value, and that the appellant has elected to recover damages from the defendant rather than have a rescission of the contract. It then alleges that the difference in value of the property at the time of the conveyance and the amount it received for it was $45,595.78, and demands judgment for that sum, with interest at the legal rate from the 10th day of September, 1892, the date of the deed above mentioned.

On the motion of the respondent, the court struck a portion of the allegations of the complaint, whereupon the respondent, after the appellant had refused to amend, answered as to the remainder. It admitted that it had contested the payment of the note and mortgage mentioned in the complaint on the theory that it was not obligated to pay the same, but averred that judgment had been given against it in spite of such contest; and further pleaded with reference thereto that the judgment had been fully paid by it before the commencement of the pending action, in part by a seizure, and appropriation to satisfaction of the judgment, of its money by the sheriff who had a writ of execution in his hands for the collection of the judgment, and by a voluntary payment on its part of the balance.

The reply of the appellant admitted the seizure by the sheriff of the money of the plaintiff in satisfaction of the mortgage judgment, and its final application to the satisfaction thereof, but reiterated its statement to the effect that a contest was instituted by the respondent

through Deming, and prosecuted by it until February, 1902, when it was finally dismissed on the application of the appellant, and that the money in the hand of the sheriff was not actually applied on the judgment until that date. On the filing of the reply, the respondent moved for a judgment in its favor on the pleadings, which motion the court granted, dismissing the appellant's action, and entering a judgment for costs in favor of the respondent.

From the roregoing statement it will be observed that the complaint was drawn on the theory that, because the respondent failed to keep that part of its agreement wherein it covenanted that it would not sue or permit the appellant to be sued on any of the indebtedness mentioned in the contract, the appellant had the right to rescind the contract in part, and recover as damages the consideration given for the violated portion of the agreement, regardless of the question of the amount of damages it had suffered because of the breach, or whether it has suffered damages on account thereof at all.

But we think the appellant has mistaken its remedy. When a contract is divisible into separate or distinct parts, equity sometimes permits the injured party to rescind, on equitable terms, one such part, while adhering to another independent part; but where the contract is an entirety, or where there is but one entire consideration for a number of conditions, the contract must generally be rescinded as a whole, if rescinded at all. There can be no partial rescission and a refunding of a portion of the consideration, unless it be in an extreme case where there is no possible remedy other than through such a proceeding. The conditions shown in the complaint before us do not call for any such extreme remedy. For the breach of the condition complained of here, the

remedy is found in an action to recover the actual damages suffered because of such breach of the condition. These ordinarily would be the expenses incurred in compelling the respondent to perform its covenants, and the losses it suffered because of the failure on the part of the respondent to save it from being sued, but it could not be that part of the whole consideration which the appellant claims to have paid to obtain this particular covenant. The consideration paid is rarely, if ever, the measure of damages for the breach of a covenant. The fundamental idea of damages, in all such cases, is compensation for the injury suffered, and, be this greater or less than the consideration paid to secure the covenant, it is the amount, and the only amount, that can be recovered because of a breach thereof. As the complaint shows no special damages, the court did not err in holding that no cause of action was stated on which substantial damages could be recovered.

It is said, however, that the complaint contains averments sufficient to show a right to nominal damages. and that the judgment must be reversed because the trial court did not permit a recovery for nominal damages. But we have held that this court will not, where the sole object of the action is the recovery of damages, reverse a judgment because the court erroneously failed to direct judgment for nominal damages. *Johnson v. Cook,* 24 Wash. 474, 64 Pac. 729. Whether the plaintiff does, or does not, recover, affects only the question of costs, and the appellate court will not entertain an appeal for the sole purpose of determining who is entitled to costs in the court below. The judgment is affirmed.

MOUNT, DUNBAR, ANDERS, and HADLEY, JJ., concur.