## FRIES, BEALL & SHARP CO. v. LIVINGSTONE.

(Court of Appeals of District of Columbia. Submitted February 4, 1926. Decided April 5, 1926.)

### No. 4311.

**1. Appeal and error ⟋1010(1).**

Findings of fact by court trying case without jury, based on substantial evidence, have force and effect of jury verdict.

**2. Sales ⟋441(1)—Testimony of experienced carpenter held to sustain finding, in action for breach of warranty in sale of roofing material, that roofing was properly laid.**

In action for breach of warranty in sale of roofing material, testimony of experienced carpenter, who inspected roofs, *held* to sustain finding that roofing material was properly laid.

**3. Sales ⟋442(2)—Generally, measure of damages for breach of warranty as to personalty is difference between actual value of article sold and what it would have been worth, had it been as warranted.**

Generally, measure of damages for breach of warranty as to personal property is difference between actual value of article sold and what it would have been worth, had it been as warranted.

**4. Damages ⚖⇒23.**

Measure of damages for breach of contract is such damages as are the natural consequence and proximate result, or which reasonably may be supposed to have been within contemplation of parties.

**5. Sales ⚖⇒442(6, 7)—Purchaser of roofing, on breach of warranty, held not entitled to recover of seller cost of replacing it with more expensive roofing.**

Purchaser of roofing material, on breach of warranty as to quality, *held* not entitled to recover of seller cost of different kind and more expensive roofing with which he replaced it.

**6. Sales ⚖⇒442(10).**

Damages for breach of warranty in sale of roofing material being unliquidated, interest should not be allowed until after entry of judgment.

In Error to the Municipal Court of the District of Columbia.

Action by Colin H. Livingstone against the Fries, Beall & Sharp Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

E. C. Brandenberg and L. M. Denit, both of Washington, D. C., for plaintiff in error.

T. T. Marye, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Writ of error to the municipal court to review a judgment for the plaintiff, defendant in error here, in an action for alleged breach of warranty in the sale of roofing material, the case having been tried without a jury.

The evidence for the plaintiff tended to show that he purchased of the defendant 32 rolls of roofing material at a cost of $112, "with guaranty of 17 years," that it was laid on the roofs of two houses by competent carpenters, and that within 8 or 9 months "the roofs leaked generally all over." The defendant, after notice, declining to take any action, new roofing material was purchased at a cost of $6.75 per square, or an aggregate cost of $192.53, and the expense of putting on this new roof was approximately $154.63. Plaintiff's evidence further tended to show that $15 was expended in repairing ceilings damaged through the leaky condition of the roofs, and that plaintiff's son, who was without experience, "inspected the houses" after the new roofs had been put on "and made a charge therefor of $15." One of these items of $15 was allowed by the court as part of the damages, but the record does not disclose which particular item this was.

The new roofs were put on during the latter part of October, 1923. The evidence, for the defendant tended to show that the roofing delivered to the plaintiff was improperly laid; that the new roofing purchased by the plaintiff "was the best roofing material that could be bought; that it came in 12½ inch shingles; that three thicknesses ,were required over the roof; so that a larger amount of material was necessary when this particular kind was used, as the roll roofing purchased by the plaintiff from the defendant was put on with only one thickness." The court entered judgment for the plaintiff in the sum of $362.16, with interest from January 30, 1924.

[1, 2] The case having been tried without a jury, the findings of fact of the court, where based upon substantial evidence, have the force and effect of a jury verdict. While there was evidence in this case strongly tending to show that the roofing material involved was not properly laid, an experienced carpenter, who inspected the roofs for the plaintiff, testified to the contrary, and we therefore are unable to say that the finding of the court on this point was without support.

[3] On the question of damages, the general rule by which they are measured in a case of breach of warranty as to personal property is the difference between the actual value of the article sold and what it would have been worth, had it been as warranted. Marsh v. McPherson, 105 U. S. 709, 26 L. Ed. 1139. That case involved a sale of certain warranted machines and the court said: "If there had been a total failure on the part of the defendants to comply with the contract, and they had refused to deliver any of the machines specified, the damages to the plaintiff would have been the amount of money with which, at the time of the breach, he could have supplied himself, by purchase from others, with the same number of similar articles of equal value. If the market price had in the meantime advanced, the recovery would be for more, or, if it had fallen, it would be for less, than the contract price, the rule to measure the loss, in such cases, being the difference between the contract and the market price."

[4] But this is not an invariable standard. Under a breach of contract, whether of warranty or otherwise, the defendant is liable for such damages as are the natural consequence and proximate result of his conduct

or which reasonably may be supposed to have been within the contemplation of the parties at the time the contract was made as the probable result of a breach of it. Thus in Thoms v. Dingley, 70 Me. 100, 35 Am. Rep. 310, where carriage springs had been purchased by a manufacturer of carriages, with a warranty attached, and the springs had turned out to be worthless, it was ruled that the manufacturer was entitled to recover the actual cost of replacing the defective springs.

Leavitt v. Fiberloid Co., 196 Mass. 440, 82 N. E. 682, 15 L. R. A. (N. S.) 855, contains an exhaustive review of the authorities bearing upon this question. There it was held that the plaintiff might recover damages if the burning of his factory was the proximate result of a breach of warranty as to the noninflammability of the fiberloid. In Gascoigne v. Cary Brick Co., 217 Mass. 302, 104 N. E. 734, Ann. Cas. 1917C, 336, an action for the breach of a contract to deliver bricks of a certain quality and color, it was ruled that the plaintiff might recover, not only for the difference in value between the bricks furnished and those specified, but also the expense necessarily incurred in taking down and rebuilding the wall into which the defective bricks had been laid.

In Greenberg Realty Co. v. Cream City R. & P. M. Co., 183 Wis. 259, 197 N. W. 815, involving a breach of warranty in the sale of roofing material, it was ruled that the plaintiff was entitled to recover the expense of removing the defective roofing and replacing it "with one that would answer the demands of the specifications." See, also, Phipps v. Lopinsky, 97 W. Va. 457, 125 S. E. 250.

[5] In the present case, we must assume that the defendant sold roofing material "with a guaranty of 17 years"; that is, a guaranty to the effect that, if properly laid and cared for, the roof would not leak for 17 years. Plaintiff's evidence tended to show that the roofing material was properly laid and leaked within a few months; in other words, that the material was practically worthless. Damage to the ceilings and the necessity of removing the material were natural consequences and proximate results of the breach of warranty. It also must be assumed that the parties contracted with reference to these results. When the defendant, therefore, after notice, failed to make good this guaranty, the plaintiff was entitled to replace the roofing with other material as near the same style, grade, and character specified in the contract as then procurable. The evidence before us, however, clearly shows that this rule was not followed. Instead of purchasing other material of substantially the same style, grade, and character as specified, plaintiff purchased a much higher grade of material, of a different style and character. Under the rule followed by the court below, a plaintiff might purchase second-grade shingles under a 10-year guaranty, and, finding the roof defective, put on a slate roof at many times the cost. This would penalize the defendant, rather than make good the plaintiff.

[6] The damages in this case being unliquidated, interest should not have been allowed until after the entry of judgment. White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13; Lewis v. Rountree, 79 N. C. 122, 28 Am. Rep. 309; 24 R. C. L. 256. The judgment is reversed, with costs, and cause remanded for a new trial.

Reversed and remanded.