**BEDROSIAN et al. v. PEOPLES MORTGAGE CORPORATION et al.**

No. 10203.

United States Court of Appeals District of Columbia Circuit.

Argued April 18, 1950.

Decided May 15, 1950.

Mr. Philip W. Austin, Washington, D. C., for appellants.

Mr. Jacob N. Halper, Washington, D. C., submitted on the brief for appellees.

Before CLARK, BAZELON, and FAHY, Circuit Judges.

PER CURIAM.

This case was before us in Peoples Mortgage Corp. et al. v. Bedrosian et al., 1946, 81 U.S.App.D.C. 69, 154 F.2d 332. We there held that the measure of damages for violation of a contract to execute a lease and deliver possession of premises to be used as a small hotel is the difference between the fair market value of the lease and the rental reserved therein, plus any sums paid by the lessee to the lessor. The trial court failed to instruct the jury on the proper measure of damages. We accordingly reversed. On retrial the plaintiffs, appellants, failed to introduce evidence of damage under the rule stated. The District Court accordingly instructed the jury at the close of the plaintiffs' case to bring in a verdict in favor of the defendants, explaining that while the defendant corporation had breached its contract with the plaintiffs this court had laid down the principles to govern the measure of damage and there was no evidence of a competent character offered under those principles.[1]

On the present appeal we are asked in effect to overrule our previous decision and to direct a new trial under a different rule as to the measure of damages. Appellants contend that in substance Thompson et al. v. Rector et al., 1948, 83 U.S.App.D.C. 371, 170 F.2d 167, has already changed the rule laid down in the earlier decision in the present controversy. This misconceives the holding in Thompson et al. v. Rector et al. There the plaintiff sued for breach of an agreement for sale of a rooming and boarding house and restaurant business. The contract guaranteed a license for the operation of the premises for those purposes, to be secured and transferred to the plaintiff. One of the items of damage claimed was $8,000 estimated cost of making improvements "to qualify the premises for a restaurant license". The trial court had ruled against evidence in support of this claim, saying that the only measure applicable was the difference between the value of the bargain with the license and the value of the same bargain without the license. It is in the light of these facts that one must read our holding that this was erroneous. We said in part: " * * * Under a breach of contract, whether of warranty or otherwise, a defendant is liable for such damages as are the natural consequence and proximate result of his conduct. Fries, Beall & Sharp Co. v. Livingstone, 56 App. D.C. 209, 210, 12 F.2d 150. The consideration paid is not the measure of damages for breach of a covenant; rather is it the value of the benefit contracted for. Commercial Inv. Co. v. National Bank of Commerce, 36 Wash. 287, 78 P. 910, 912; Hoffer Oil Corp. v. Carpenter, 10 Cir., 34 F.2d 589, 591." Particular damages were claimed to meet the cost of qualifying the premises for the purposes for which they were to be used as contemplated by the parties to the transaction. No such issue is presented in the case at bar. Under the facts before us we are not disposed to reconsider the holding that the measure of damages was the difference between the fair market value of the lease and the rental reserved therein. Since this standard was not met by competent evidence introduced by the plaintiffs it was not error for the court to direct a verdict for the defendants.

Affirmed.

---

1. The defendants confessed judgment for the sum which the plaintiffs had paid the defendants as rent for one month.