[No. 37648. Department Two. September 23, 1965.]

THEODORE R. KRAUSE et al., Respondents, v. E. FRANK MARIOTTO et al., Appellants.*

*Livesey, Kingsbury & Livesey,* by *George Livesey, Jr.,* for appellants.

*Abbott, Lant & Fleeson,* by *Richard Fleeson,* for respondents.

PER CURIAM. — Defendants appeal from a judgment rescinding a written contract of conditional sale and returning to plaintiffs, the purchasers, their down payment.

February 14, 1963, defendants sold the Bell-Ice Company to plaintiffs on conditional sale contract for $34,500. An $8,000 down payment was made. The sale included equipment, machinery, good will of the business and the S & S ice vending machine franchise for the territory.

Plaintiffs operated the business from March 1, 1963 until April 24, 1963 at which time the business was returned to defendants. In the meantime, two events occurred: plaintiffs sold for $4,850 one of the ice machines purchased, and retained the funds; and, it was discovered that defendants no longer had a franchise for the sale of the S & S ice vend-

*Reported in 406 P.2d 16.

ing machines. Plaintiffs gave written notice of recission; defendants gave notice of intention to forfeit the contract.

All of defendants' assignments of error orbit around finding of fact No. 4:

> That a significant, material and valuable portion of the consideration to be transferred by Defendants to Plaintiffs in exchange for the purchase price was a S & S Vending Machine franchise for Whatcom, Skagit, Snohomish, Island and San Juan Counties in the State of Washington, which franchise was not in effect and was not available to Defendants to transfer to Plaintiffs at the time said agreement was entered into.

This finding is amply sustained by the evidence. We will not substitute our opinion for that of the trial court. *West Coast Airlines, Inc. v. Miner's Aircraft & Engine Serv., Inc., ante* p. 513, 403 P.2d 833 (1965). The purported franchise was a significant, material and valuable portion of the consideration to be transferred by defendants, and since there was no franchise in existence, it was not error to restore the parties to status quo. *Ross v. Harding,* 64 Wn.2d 231, 391 P.2d 526 (1964). Failure of consideration is ground for recission of a contract. *Barber v. Rochester,* 52 Wn.2d 691, 328 P.2d 711 (1958).

The judgment is affirmed.