[No. 5149-8-III.   Division Three.   December 15, 1983.]

STEVEN G. WILKINSON, ET AL, *Respondents,* v. DARRELL K. SAMPLE, ET AL, *Appellants.*

*Robert E. Anderson,* for appellants.

*Michael D. Tracy* and *Johnson & Tracy,* for respondents.

EDGERTON, J.*—Steven G. Wilkinson and Joseph R. Young bought Power Clean Service from Darrell K. Sample. This was a business whose functions were to clean carpets, windows and furniture, to renovate properties damaged by smoke, fire and water, and to strip furniture for refinishing. The purchase price was $30,000, $5,000 of which was for inventory, fixtures and equipment; $10,000 was for a covenant not to compete; and $15,000 was "for the existing business acquired". In essence, the last was simply goodwill.

Paragraph 5 of the sale contract provided:

ASSISTANCE: The Seller hereby agrees to work with the Purchasers in the business operation and to train them for a period of thirty (30) days to enable them to operate and become familiar with said business endeavors.

Paragraph 7:

NON AGENCY, ACCOUNTS AND REFERENCES: . . . The Sellers are obligated as to all accounts payable and receivable for work performed up to the date of the closing of this transaction and the Purchasers shall thereafter be obligated and entitled to said accounts. Sellers agree to notify all regular customers of the change of

---

*Judge Ralph P. Edgerton is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

ownership of the business transferred in conformity with this agreement.

Paragraph 3 of the contract reads:

COVENANT NOT TO COMPETE: The Sellers hereby agree that they will not start a similar type business in the Spokane Area for a period of 3 years following the closing of this transaction. The Sellers have executed a covenant in conformity with this provision, and said covenant is attached hereto as Exhibit "B" and is made a part hereof.

Exhibit "B," attached to the contract, particularizes the covenant not to compete. In view of the holding reached in the trial court and here on appeal, it is unnecessary to set out its whole text. The business did not prosper and, in January 1981, it was closed and terminated.

Wilkinson and Young brought suit against the appellants, alleging breach of contract in that Sample had violated the covenant not to compete and had not complied with paragraphs 5 and 7 of the contract. On these grounds they sought rescission of the contract or in the alternative damages for its breach. Appellants answered making general denial to respondents' claim and cross–complaining for $15,000, the portion of the purchase price assigned to goodwill remaining unpaid. The trial court dismissed the counterclaim and awarded Wilkinson and Young judgment absolving them from the payment of the balance of approximately $15,000 on the contract, allowing them damages of $6,666 for a failure of consideration of 2 years of the amount paid for the covenant not to compete and a recovery of $1,668.50 previously paid toward the goodwill portion of the purchase price. Attorney's fees in the sum of $2,000 were also granted. From this judgment the Samples appeal. The trial judge found and concluded that Sample had failed to carry out the terms of paragraphs 5 and 7 of the contract. To those findings and conclusions appellants assign error.[1]

---

[1]Specifically, the findings and conclusions to which appellants take exception are as follows:

■ Paragraph 5 carried the promise that the seller would provide buyers a 30–day training period to acquaint

Findings of fact, page 4, lines 1 through 17: "The evidence shows that the defendant did not comply with the terms of Paragraph 5 of the contract. Various phases of the business would entail training with the details of bidding on jobs, learning the customer list, answering the phone, introducing the customers who might call personally for the Defendant, and using the available, uncompleted work, which is specifically covered in Paragraph 7, as the means for training the Purchasers, and in this instance, the fire damaged furniture that was available for that purpose.

"Regarding Paragraph 7, the Sellers agree to 'notify all regular customers of the change of ownership.' 'All regular customers' is not limited to insurance companies with whom the business previously contracted, but all customers who came back on a regular basis to have work done. The evidence shows that the extent of the notification made by the Defendant was limited to the insurance companies, and by no means was a substantial performance with the conditions therein."

Conclusion of law 2:

"2. Paragraph 5 of the contract calls for the Defendant to train the Plaintiffs for a period of thirty (30) days. It's clear that by a preponderance of the evidence Paragraph 5 was breached by the Defendant."

Conclusion of law 3:

"3. Paragraph 7 of the contract calls for the Sellers to notify all regular customers of the change of ownership. It is clear by a preponderance of the evidence that Paragraph 7 of the contract was breached by the Defendant. The notification made by the Defendant to the insurance companies was by no means a substantial performance of the conditions of paragraph 7. Paragraph 7 further states, 'the sellers are obligated as to all accounts payable and receivable for work performed up to the date of the closing of this transaction and the Purchasers shall thereafter be obligated and entitled to said accounts'. The evidence shows that the Defendant continued to do work from a fire in Spangle in January, and that the Defendant is therefore in breach of that portion of Paragraph 7 of the contract."

Conclusion of law 4:

"4. Since both the promises in Paragraph 5 for assistance, and in Paragraph 7, 'non–agency, accounts and references', were breached, that constitutes a failure of consideration for the only real value of this business, beyond the equipment and inventory, and that is the goodwill. Until the Purchasers could learn the business and all of its aspects, and have the opportunity to have these things done, the value of the goodwill was nothing. In order to make it worth anything, the Purchasers needed to understand the business thoroughly, and that did not happen. As a consequence, there was a failure of consideration as to the Fifteen Thousand and no/100ths Dollars ($15,000.00) goodwill element of the contract."

Conclusion of law 5:

"5. Regarding the covenant not to compete, there is also a failure of consideration for the covenant for two of the three years it was to run. The purchase price for the covenant was the amount of Ten Thousand and no/100ths Dollars ($10,000.00), which results in a failure of consideration of Three Thousand Three Hundred Thirty–three and no/100ths Dollars ($3,333.00) per year for two years."

them with the business, its operation and procedures. The trial court found that appellants failed to do this and that that failure was a material breach of the contract. Likewise, it found the sellers' usurping of some unfinished work that should have been turned over and become the business of the buyers under the terms of paragraph 7 also breached the contract. More particularly, the court found appellant sellers did not "notify all regular customers of the change of ownership of the business transferred in conformity with this agreement". This latter breach of the contract destroyed the consideration for the goodwill part of the contract and purchase price. Accordingly, the court held the buyers would be under no obligation for the valueless goodwill lost to them through the breaches made by the sellers. An examination of the record reveals clearly that the alleged breaches of contract did occur. Indeed, appellants in their brief acknowledge that the contract was breached but assert the breach was not material. We conclude that the trial court's findings and conclusions that appellants breached the contract are supported by substantial evidence. Having so found, we must follow to the conclusion to which they lead:

> Where the trial court has weighed the evidence our review is limited to determining whether the findings are supported by substantial evidence and, if so, whether the findings in turn support the trial court's conclusions of law and judgment. *Morgan v. Prudential Ins. Co. of America,* 86 Wn.2d 432, 545 P.2d 1193 (1976). Substantial evidence is evidence in sufficient quantum to persuade a fair–minded person of the truth of the declared premise. *In re Snyder,* 85 Wn.2d 182, 532 P.2d 278 (1975).

*Holland v. Boeing Co.,* 90 Wn.2d 384, 390–91, 583 P.2d 621 (1978). Appellants argue that the evidence of damages was not substantial. However, the court did not award damages. It simply canceled the unpaid part of the contract price for which consideration failed by reason of the sellers' breach of the contract.

Paragraph 2 of the decretal part of the judgment is:

2. That the contract calls for the payment of Fifteen Thousand and no/100ths Dollars ($15,000.00) for the goodwill of the business. That the Defendant is in breach of Paragraphs 5 and 7 of the contract, and that there is a failure of consideration as to the Fifteen Thousand and no/100ths ($15,000.00) owed the Defendant under the terms of the contract.

Of the sum for which consideration had failed the respondents had paid $1,668.50. Accordingly, in paragraph 4 of the judgment it is directed that that sum be refunded. The paragraph reads:

4. The Plaintiffs are entitled to recover One Thousand Six Hundred Sixty–eight and 50/100ths Dollars ($1,668.50) previously paid towards the purchase price of the amount of goodwill set forth in the contract.

The balance unpaid on the contract for goodwill was for a part never performed. Without the promised notice to customers of the new ownership, there could be no transfer of the goodwill the buyers had agreed to buy. The buyers were entitled to the benefit of their bargain and this they did not get.

In canceling the balance of the contract price which was for goodwill and ordering the return of the sum paid toward it, the trial court treated this contract as a severable one, which it was. The price was divided: $10,000 in payment of the noncompetition covenant; $5,000 in payment for the inventory, fixtures and equipment; and the balance of $15,000 to the existing business acquired or goodwill. In effect, the court's cancellation of the balance unpaid on the amount apportioned to goodwill amounted to a rescission of that part of the contract. Such a course has been approved by the Washington Supreme Court. In *Darst v. Meduna,* 15 Wn.2d 293, 296, 130 P.2d 361 (1942), the court said:

It is, of course, well settled that, when the subject of a contract of sale consists of several different articles, and there is an apportionment of the purchase price to each, the contract is severable.

(Citations omitted.) In the case of *da Ponte v. Simonian,* 127 Wash. 214, 220 P. 799, 222 P. 901 (1923), partial rescis-

sion was allowed where rugs were sold at individual, separate prices, but in one transaction. There, the court said at page 216:

> [T]he case is controlled by the rule stated in *Buckeye Buggy Co. v. Montana Stables,* 43 Wash. 49, 85 Pac. 1077, 117 Am. St. 1032, as follows:
>
> "We believe it to be a rule, that if several articles are sold for a single and entire consideration, without any apportionment of the purchase price as between the several articles, the contract of sale is entire and cannot be severed, except by agreement of the parties. On the other hand, if several articles are sold, and a separate price is agreed upon for each, although a single instrument of conveyance may be executed reciting a single consideration for the whole, yet, for sufficient cause shown, the contract may be rescinded as to a part and enforced as to the remainder."

*Krause v. Mariotto,* 66 Wn.2d 919, 406 P.2d 16 (1965) holds the rule that the failure of a significant, material portion of the consideration for a contract constitutes grounds for its rescission. *Guglielmelli v. Walla Walla Gardeners' Ass'n,* 157 Wash. 109, 119, 288 P. 251 (1930) states:

> The trial court found that the evidence was so vague and uncertain as to the loss sustained that no judgment could be entered therefor. In this we agree with the trial court. There is nothing in the record on which we can base an opinion as to how much more than the cost of harvesting and marketing the appellant would have been able to obtain, had he been permitted to sell his onions. We think, however, that a substantial breach of the contract such as this justified appellant in withdrawing from the association, and that he is entitled to recover from the association his fee of three hundred dollars.

Since this is a severable contract, the usual requirement that a tender of restoration of property is a condition precedent to the granting of rescission is not a prerequisite. However, if that was considered an issue, our court has held that it is not always necessary. In *Hopper v. Williams,* 27 Wn.2d 579, 179 P.2d 283 (1947) at page 588 there is this statement:

This court has laid down a rule which we now are satisfied to follow, namely, that restoration or tender of restoration of property is not a condition precedent to the commencement or maintenance of an action for the rescission of a contract for the purchase of land, but that it is sufficient to show a willingness to do equity. In *Empey v. Northwestern & Pac. Hypotheekbank,* 129 Wash. 392, 225 Pac. 226 [1924], the rule was stated in the language above expressed, and the reason therefor was given as follows:

"The action does not proceed upon the theory of a contract already rescinded, but proceeds on the theory that the jurisdiction of a court of equitable cognizance is needed to accomplish that end."

The rule announced in the *Empey* case, *supra,* was approved in [cited cases].

That failure of consideration will justify rescission of a contract, *see* 17 Am. Jur. 2d *Contracts* §§ 502 *et seq.* (1964).[2] Also on point is 6 S. Williston, *Contracts* § 814, at 17–19 (3d ed. 1962):

Failure of consideration then will exist wherever one who has either given or promised to give some performance fails without his fault to receive in some material respect the agreed exchange for that performance. Thus, one who has paid $4500 in return for an agreement to transfer an automobile to him fails to receive the consideration or exchange for his $4500 if the automobile is not transferred. The $4500 is not only the consideration for the seller's promise, but it is the price or consideration for the automobile. The reason why the automobile is not transferred may be due to excusable impossibility, as if the automobile should be destroyed before the title was transferred, or it may be due to breach of duty on the part of the seller. In either case the buyer may recover his payment. . . .

An analogous situation arises in bilateral contracts

---

[2]The trial court denied appellants' counterclaim for the balance of the goodwill price. Where, as here, there has been a failure of consideration, to allow appellants to collect that sum would result in an unjust enrichment. To the extent that payments have been made on this account, restitution is in order, and any balance remaining unpaid would properly be canceled as was done here. *See* 66 Am. Jur. 2d *Restitution and Implied Contracts* § 3, at 945 (1973).

where both promises are still executory. If the buyer has not yet paid the price for the automobile at the time of its destruction, the consideration or exchange for the payment has failed, and, similarly, if the seller wrongfully breaks his promise to transfer, the buyer is not getting the exchange or consideration for the payment which he had agreed to make. And as the seller might reclaim the price if it had already been paid, *a fortiori,* he is excused from keeping his promise to pay it, if not yet paid. Failure of consideration, then, gives the disappointed party a right to rescind the contract . . .

(Footnotes omitted.)

Judgment by the trial court canceling the balance of the $15,000 for the goodwill of the business and restoration of the $1,668.50 paid toward the purchase price of the amount of the goodwill is affirmed.

■ While the trial court in effect granted respondents rescission as to the goodwill item, it did not rescind the entire contract. Paragraph 3 of the trial court's findings of fact recites:

Regarding the payment of Five Thousand and no/100ths Dollars ($5,000.00) for equipment and inventory, the payment of Five Thousand and no/100ths Dollars ($5,000.00) was made, and the inventory and equipment was received.

The down payment made by the buyers also included $10,000 for the covenant not to compete. As to this item, the trial court erroneously ruled that there is a failure of consideration of 2 years of the amounts paid for the covenant not to compete and so granted judgment against the appellants in the sum of $6,666. The fact that a total rescission of the contract was not found and granted leaves that portion of the contract still in effect. Although the business was closed, the court's decision did not cancel the contract; hence, the restrictive covenant would continue in effect and would protect the owners of the defunct business should they resume it during the 2–year time period. Since they retained the equipment which they had bought to do the business, they might resume it. This provision in the

contract was not violated by Sample. He is entitled to retain the amount paid for its observance.

Accordingly, the award of $6,666 in repayment of the two–thirds of the noncompetitive clause is error and reversed.

Appellants also complain of the trial court's refusal to allow publication of the deposition of Guy Faust, a former employee of both parties. The court refused to allow its publication, both because of failure to comply with the 5–day notice required by CR 30(b)(1) and CR 27(b) and for the further reason that there had been no cross examination of the witness. Even if publication were allowed, under these circumstances the court could and quite likely would deny its admission in evidence. So the court's refusal to allow publication of the deposition, if error at all, is harmless error.

Since neither of the parties prevails, there is no award of attorney's fees on appeal. *McGary v. Westlake Investors,* 99 Wn.2d 280, 661 P.2d 971 (1983).

Affirmed in part, reversed in part.

MUNSON, C.J., concurs.

McINTURFF, J. (dissenting)—The majority opinion has fashioned an equitable remedy where none exists, was intended, or is allowable under the law. Accordingly, I dissent.

Steven Wilkinson and Joseph Young contracted to purchase Darrell Sample's cleaning business. The purchase price was $30,000. That price was allocated, presumably for tax purposes, as $5,000 for the existing inventory, fixtures and equipment, $10,000 for a 3–year covenant not to compete, and $15,000 for the business' goodwill. At the time of trial, $1,668.50 had been paid toward the goodwill amount.

Wilkinson and Young commenced this action seeking rescission or, in the alternative, damages. The trial court did not rescind the contract. However, in fashioning its remedy, the trial court relieved Wilkinson and Young of

their contractual obligation to pay Sample the $13,331.50 still owing for the goodwill and allowed Sample to retain the $1,668.50 already received. The findings of fact, conclusions of law, and the judgment are all silent regarding any rescission award. In fact, the trial judge, in his oral opinion, specifically spoke of allowing *damages* for Mr. Sample's breach.

Even assuming, as the majority has, that the trial court rescinded the contract, such rescission, whether total or partial, was not an available remedy under these facts. The failure of consideration is a ground for rescission. *Krause v. Mariotto,* 66 Wn.2d 919, 920, 406 P.2d 16 (1965); *Barber v. Rochester,* 52 Wn.2d 691, 694, 328 P.2d 711 (1958). However, one who seeks to rescind a contract must restore or offer to restore the other party to as near his former position as possible. *J.I. Case Credit Corp. v. Stark,* 64 Wn.2d 470, 480, 392 P.2d 215 (1964); *Rummer v. Throop,* 38 Wn.2d 624, 637, 231 P.2d 313 (1951). Because Wilkinson and Young never offered to restore the status quo, *i.e.,* return the inventory, fixtures, and equipment, rescission was not an available remedy. Also, the trial court's decision to grant rescission, when such a remedy is available, is a discretionary determination. *Yount v. Indianola Beach Estates, Inc.,* 63 Wn.2d 519, 525, 387 P.2d 975 (1964). In the present case, there was no abuse of that discretion.

The majority avoids this obstacle by finding the contract to be severable. The rule for determining whether a contract is entire or severable is stated in *Saletic v. Stamnes,* 51 Wn.2d 696, 699, 321 P.2d 547 (1958):

> "Whether a contract is entire or divisible depends very largely on its terms and on the intention of the parties disclosed by its terms. As a general rule a contract is entire when by its terms, nature and purpose, it contemplates and intends that each and all of its parts are interdependent and common to one another and to the consideration."

Here, the contract provided that the "total purchase price" for the business and the equipment was $30,000.

There is nothing within the four corners of this contract to indicate the parties intended the various parts or allotments of the contract were to be treated as separate agreements. There is no testimony in the record from any of the parties that they intended the sale to consist of three separate contracts. To engage in this fiction requires one to accept the untenable position that a buyer would have been willing to pay Mr. Sample for the goodwill of his business without purchasing the assets of the business. Wilkinson and Young contracted to purchase a business for a lump sum. The contract was not divisible. Thus, the equitable remedy for partial rescission was not available.

Because the trial court did not rescind the contract, its duty was to determine money damages. Generally, the measure of damages for breach of contract is the sum which will put the injured party in the same position as he would have been had the obligation been fulfilled. *Donald W. Lyle, Inc. v. Heidner & Co.,* 45 Wn.2d 806, 814, 278 P.2d 650 (1954); *Dravo Corp. v. L.W. Moses Co.,* 6 Wn. App. 74, 90, 492 P.2d 1058 (1971). Stated another way, the injured party is entitled (1) to recover all of the damages that accrue naturally from the breach, and (2) to be put in as good a position pecuniarily as he would have been had the contract been performed. *Diedrick v. School Dist. 81,* 87 Wn.2d 598, 609–10, 555 P.2d 825 (1976). An injured party is entitled to receive the benefit of his bargain, *i.e.,* whatever net gain he would have made under the contract. *Platts v. Arney,* 50 Wn.2d 42, 46, 309 P.2d 372 (1957).

But, an injured party must prove his damages. Wilkinson and Young had the burden of establishing how Sample's failure to provide the entire 30 days of training and his failure to contact all of his former customers damaged them. In other words, if Sample had done everything he had agreed to do, what benefit would Wilkinson and Young have received? That amount, if and when proven, is their damages.

I recognize the trial court has discretion to award damages within the range of evidence. *Cromwell v. Gruber,* 7

Wn. App. 363, 368, 499 P.2d 1285 (1972); *Huzzy v. Culbert Constr. Co.,* 5 Wn. App. 581, 586, 489 P.2d 749 (1971). However, there must be a reasonable basis in the record for estimating the loss. *Prier v. Refrigeration Eng'g Co.,* 74 Wn.2d 25, 31–32, 442 P.2d 621 (1968). Here, the problem is a total failure of proof as to how Wilkinson and Young were damaged by Sample's breach. There is no evidence they suffered any consequential damages from Mr. Sample's actions or inactions. Wilkinson and Young failed to prove their case.

The trial court, in awarding damages, ruled that an injured party's measure of damages is equal to the consideration paid. This rule confuses and misapplies the remedies available in a damages action. A case in point is *Commercial Inv. Co. v. National Bank of Commerce,* 36 Wash. 287, 78 P. 910 (1904). In that case, Commercial entered into a settlement with the bank. Commercial claimed the bank breached its covenant not to sue and sought to rescind the contract in part and to recover as damages the consideration given for the violated portion of the agreement. Our Supreme Court held:

> But we think the appellant has mistaken its remedy. When a contract is divisible into separate or distinct parts, equity sometimes permits the injured party to rescind, on equitable terms, one such part, while adhering to another independent part; but where the contract is an entirety, or where there is but one entire consideration for a number of conditions, the contract must generally be rescinded as a whole, if rescinded at all. There can be no partial rescission and a refunding of a portion of the consideration, unless it be in an extreme case where there is no possible remedy other than through such a proceeding. The conditions shown in the complaint before us do not call for any such extreme remedy. For the breach of the condition complained of here, the remedy is found in an action to recover the actual damages suffered because of such breach of the condition. These ordinarily would be the expenses incurred in compelling the respondent to perform its covenants, and the losses it suffered because of the failure on the part of the respon-

dent to save it from being sued, but it could not be that part of the whole consideration which the appellant claims to have paid to obtain this particular covenant. *The consideration paid is rarely, if ever, the measure of damages for the breach of a covenant.* The fundamental idea of damages, in all such cases, is compensation for the injury suffered, and, be this greater or less than the consideration paid to secure the covenant, it is the amount, and the only amount, that can be recovered because of a breach thereof.

(Italics ours.) *Commercial Inv. Co. v. National Bank of Commerce, supra* at 292–93; *see also Bedrosian v. Peoples Mortgage Corp.,* 182 F.2d 395, 396 (D.C. Cir. 1950); *Thompson v. Rector,* 170 F.2d 167, 169 (D.C. Cir. 1948); *Hoffer Oil Corp. v. Carpenter,* 34 F.2d 589, 591 (10th Cir. 1929).

The trial court erroneously relieved Wilkinson and Young of their bargained–for duty of paying the $13,331.50 balance owing for goodwill due to the failure of consideration. The majority has affirmed that action. There is nothing in the record, either in equity or in the law, to support this remedy. Personally, I have no doubt Wilkinson and Young were damaged because of Mr. Sample's breaches. However, they failed to satisfy their burden of establishing what those damages were.

I concur with the result of the majority that the $6,666 award for breach of the covenant not to compete was erroneously entered. However, the judgment which relieves Wilkinson and Young from completing payment for goodwill should be reversed due to their failure to prove their case.