[Civ. No. 15356.   Second Dist., Div. Three.   Mar. 28, 1947.]

BARNEY SHEPPARD, Appellant, v. BANNER FOOD PRODUCTS, INC. (a Corporation) et al., Defendants; MAX BORTZ et al., Respondents.

Leo M. Zinner for Appellant.

Lyons & Lyons, Harry Lyons and David Lyons for Respondents.

SHINN, Acting P. J.—Plaintiff brought this action against Max Bortz and Blanche Bortz, husband and wife, and Banner Food Products, Inc., seeking a decree declaring a trust deed held by plaintiff to be a lien upon certain real property owned by defendants Bortz, and directing a foreclosure of the deed of trust and a sale of the property thereunder. A demurrer to the amended complaint was sustained without leave to amend and judgment of dismissal was thereupon entered. Plaintiff appeals.

Defendants Bortz owned premises on East Sixth Street in Los Angeles, where they conducted a wholesale smoked fish business. On October 3, 1944, they agreed to sell the land and the business to Banner Food Products, Inc., a corporation, for the sum of $22,500, payable $5,000 down, $5,000 March 1, 1945, and $12,500 at the rate of $200 per month, with 6 per cent interest, to be evidenced by a note and a mortgage upon the real property. On October 9, 1944, defendants Bortz transferred to Banner the fixtures, equipment and trucks belonging to the business for a price of $1,500. At that time the transaction was placed in escrow under instructions by which defendants Bortz agreed to sell and Banner agreed to buy the real property for the balance of the total price, namely, $21,000, to be paid as follows: $3,500 in cash, $4,300 by the assumption of an existing trust deed indebtedness, and the balance of $13,200 at the rate of $125 per month and a $5,000 payment on March 1, 1945, said sum of $13,200 to be secured by trust deed on the property. The complaint alleged that plaintiff, relying upon the terms of the agreement and the escrow instructions ''and upon the express or implied assurance of defendants Banner and Bortz that said transaction

between themselves would be consummated and carried out to completion," loaned Banner $6,500 and received Banner's note in that amount, payable in monthly installments of $541.67, and a trust deed on the real property securing the same "subject to the aforesaid encumbrances," and also secured by Banner's chattel mortgage in favor of plaintiff covering said fixtures, equipment and trucks. The complaint alleged: "That the aforesaid loan so made by plaintiff to defendant Banner was made with the full knowledge, consent and approval thereof by defendants Bortz, and with the latter's full knowledge that said trust deed so executed by defendant Banner in favor of plaintiff would constitute a charge or lien upon said property, and that said deed of trust constituted plaintiff's principal security for the repayment of said loan." There remains $5,308.33 unpaid upon the $6,500 note. It was alleged that $8,302.50 has been paid by Banner to Bortz upon account of the purchase, a substantial part thereof being money loaned by Banner to plaintiff. It was then alleged that defendants Bortz failed, neglected and refused to carry out their agreed sale to Banner, "in that said defendants Bortz notified defendants Banner and Union Bank that they would not execute a deed to defendant Banner covering the title to said real property and would not consummate said escrow transaction unless other and further terms imposing increased obligation upon defendant Banner would be agreed to and complied with by the latter." It was also alleged, "That by reason and as a result of said acts and conduct of defendants Bortz in so failing and refusing to comply with and carry out the terms and provisions of said contracts of October 3, 1944, and October 10, 1944, the deed of trust so executed by defendant Banner to this plaintiff is ineffectual and insufficient to impose a lien upon the real property described therein, in that by reason of the failure of defendants Bortz to execute and deliver the deed to said property, defendant Banner lacked and now lacks the title and ownership thereof necessary to impose and impress a valid and subsisting encumbrance thereon by deed of trust." It was alleged that plaintiff has requested defendants Bortz to carry out their agreement and convey the property to Banner, "which defendants Bortz have failed and refused to do," and if they continue in their refusal they "will be unjustly enriched at the expense of this plaintiff and plaintiff will be without security for the enforcement of the greater part of the sum

due him.'' The second cause of action repeats numerous of the allegations of the first cause of action, alleges default by Banner in payments upon plaintiff's note, declaration of default, and Banner's liability for the payment of attorney's fees for the foreclosure  The prayer of the complaint was for a decree impressing plaintiff's trust deed as a lien upon the property or directing defendants Bortz to convey the land to Banner and for a sale of the property under plaintiff's trust deed. It is asserted in respondents' brief that Banner Food Products, Inc., has not been served with process. The record contains no evidence of service or appearance by Banner.

It was not alleged in the complaint that Banner was or is ready, able and willing or has offered to consummate its agreed purchase of the property or that it has demanded of defendants Bortz performance upon their part, nor was it alleged that defendants Bortz have acted with a fraudulent purpose.

If the transaction between Bortz and Banner had been or should be consummated, plaintiff would be the holder of a trust deed for $6,500, executed by the owner of the legal title and subject to the outstanding trust deed of $4,300 and the trust deed of Banner to Bortz in the amount of $13,200. He can gain that position only through a transfer of the title to Banner and the execution by the latter of the $13,200 purchase money trust deed. If the transaction is completed by the defendants voluntarily, plaintiff's position will thereby be established. The relief which he seeks is in reality a decree of specific performance. In no other way can he be placed in the position he would have occupied if the sale had been carried out as agreed.

Plaintiff's contentions are stated as follows: ''That the amended complaint states a cause of action, whether this be upon the theory of the existence of a constructive trust upon the property in favor of appellant, or that the instrument be regarded as an equitable mortgage, or of the application of the principle of an equitable estoppel, or upon the proposition that Banner had a mortgageable interest in the property which it had the right to mortgage, or upon the theory that appellant, as mortgagee, is a *bona fide* purchaser for value, or that the instrument constitutes a purchase-money mortgage, or that to deny appellant the relief sought would result in unjust enrichment by Bortz.'' What appellant fails to do is to

point out wherein the application of all or any of these doctrines would justify a decree of specific performance as between Bortz and Banner. Plaintiff's rights are measured by the Bortz-Banner contract. The court cannot make a new contract for them, nor can the court decree a lien in favor of plaintiff upon the property of Bortz in disregard of the right of Bortz to receive from Banner a $13,200 trust deed which would be superior to that of plaintiff.

■ Plaintiff has no right to enforce performance of the Bortz-Banner contract. He was not a party to it and it was not made specifically for his benefit. Section 1559 of the Civil Code provides: "A contract made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." If a contract is not made expressly for his benefit, it may not be enforced by him even though he would be incidentally benefited by performance. (*Steinberg* v. *Buchman,* 73 Cal.App.2d 605, 609 [167 P.2d 207].)

■ We may examine the allegations of the complaint from another point of view. Plaintiff relied upon Banner as well as upon Bortz to consummate the purchase of the property. Banner's obligation in fact was the greater, for the reason that in borrowing money from plaintiff to be used in the purchase, an implied obligation arose to go through with the purchase and to thus place plaintiff in his rightful position. Bortz was under no obligation to convey the property without performance upon the part of Banner. While the complaint alleged that Bortz failed, refused and neglected to consummate and carry out their agreement "unless other and further terms imposing increased obligation upon defendant Banner would be agreed to and complied with by the latter," it did not allege that Banner was ready, able and willing to perform or ever offered to perform upon its part. It was alleged that plaintiff had requested Bortz to convey the property to Banner as agreed, but it was not alleged that Banner had made any such demand or had tendered performance. So far as disclosed by the complaint, Banner may have abandoned the purchase or it may have been rescinded by mutual consent. The complaint was insufficient to state a cause of action for specific performance, not only because the contract was not made expressly for the benefit of plaintiff, but also for the reason that it failed to allege facts sufficient to show that Banner has complied or offered to comply

with its contract and would be entitled to specific performance.
█ In addition to all this is the general rule that specific performance will not be decreed at the instance of one who may be adequately compensated in money. Plaintiff sought to acquire no interest in the land, but only a lien upon it as security for his loan. He could be compensated by a money judgment against Banner and, if he could establish liability of defendants Bortz, against them also. No facts were alleged to show the inadequacy of his legal remedy. (*Flood* v. *Templeton,* 148 Cal. 374 [83 P. 148].)

█ It was alleged that plaintiff loaned the money "upon the express or implied assurance of defendants Banner and Bortz that said transaction between themselves would be consummated," etc. No representations or promises on the part of Bortz to plaintiff were alleged. The contract itself was the only inducement to plaintiff to loan the money to Banner. It was not alleged that Bortz and Banner acted in collusion or that either was actuated by bad faith or a fraudulent purpose.

In yet another aspect the complaint was deficient as an appeal for relief upon equitable grounds, under which a lien would be impressed upon the property of Bortz. It was not alleged that Banner is unable to meet its obligation to plaintiff according to the terms of the note, or that plaintiff is likely to suffer any loss, So far as appears from the complaint he has a plain, speedy and adequate remedy at law. He has not brought himself within any exception to the rule stated in Pomeroy's Equity Jurisprudence (5th ed.), volume 1, section 178, that "Where the primary right of the plaintiff is purely legal, arising either from the non-performance of a contract or from a tort, and the money is sought to be recovered as a debt or as damages, and the right of action is not dependent upon or connected with any equitable feature or incident, such as fraud, mistake, accident, trust, accounting, or contribution, and the like, full and certain remedies are afforded by action at law, and equity has no jurisdiction; these are cases especially within the sole cognizance of the law."

Upon the facts alleged plaintiff is not entitled to a decree requiring defendants Bortz to convey the property to Banner, nor is he entitled to have a lien impressed upon the property for the amount of his trust deed while title to the property remains in defendants Bortz and the contract of sale remains unperformed.

Inasmuch as the complaint states no ground for equitable relief and no cause of action in tort, the demurrer was properly sustained without leave to amend. It is stated in respondents' brief, and not denied by appellant, that appellant informed the trial court that he could not further amend his amended complaint and that he elected to stand upon it.

The judgment is affirmed.

Wood, J., and Kincaid, J. pro tem., concurred.