[Civ. No. 25491.   Second Dist., Div. Four.   June 19, 1962.]

SOUTHERN CALIFORNIA GAS COMPANY, Plaintiff and Appellant, v. ABC CONSTRUCTION COMPANY, Defendant and Respondent.

Overton, Lyman & Prince and Reid Bridges for Plaintiff and Appellant.

Gendel & Raskoff, Benjamin E. King and Mayer Chapman for Defendant and Respondent.

BALTHIS, J.—This is an appeal by plaintiff Southern California Gas Company from a judgment of dismissal entered upon the sustaining of demurrers filed by defendant· ABC Construction Company.

In brief, plaintiff alleged that defendant entered into a contract with Los Angeles County Flood Control District (not a party to the action) for the installation of a storm drain. Defendant promised in such contract to comply with existing laws, orders, regulations, ordinances and decrees in any way affecting the conduct of its work, and to undertake defined responsibilities with respect to utility pipelines encountered during its operations. It was further alleged that during the course of construction, defendant breached such contract and as a result an explosion was caused which damaged plaintiff's pipeline and injured two of defendant's own workmen; the workmen sued plaintiff for personal injuries and plaintiff settled such cases by making compromise payments to them in the total sum of $90,000.

In the trial court, plaintiff was given permission to file four amended complaints in addition to the original complaint (filed December 17, 1958). When plaintiff's counsel stated in open court that he did not wish further leave to amend, the trial court sustained defendant's demurrers to the fourth amended complaint without leave to amend, and judgment of dismissal was duly entered.

Plaintiff's appeal is confined to that portion of the judgment ordering dismissal of the third and fourth causes of action contained in its fourth amended complaint, pertaining to claims for property damage and recovery for sums paid in compromise of the personal injury suit initiated by defendant's employees. Plaintiff voluntarily dismissed the first cause of action after the sustaining of defendant's demurrers to said fourth amended complaint and admits that the sustaining of the demurrer as to the second cause of action was proper.

A more detailed examination of the pleadings indicates that in its third cause of action plaintiff prays for damages for injury to its property, predicated upon the breach of the contract between defendant and Los Angeles County Flood Control District. It is alleged that under the terms of the contract defendant agreed to maintain in place, support, protect and be responsible for all damage to all utility pipelines encountered in the course of said storm drain construction.

Plaintiff then states that defendant breached its contract with the Flood Control District and that as a direct and proximate result thereof, "gas escaping from plaintiff's underground gas pipelines was . . . caused to and did ignite and

explode on or about February 25, 1957'' and that the underground pipelines of plaintiff were damaged in the sum of $1,206.

The fourth cause of action repeats the charging allegations of the third cause of action and further avers that as a result of the breach of contract, two of defendant's employees, Acero and Adams, sustained personal injuries and initiated an action against plaintiff in the Los Angeles County Superior Court on April 17, 1957. Plaintiff alleges that it paid a sum of money to said workmen in compromise of their action and asks for recovery against defendant for the amount paid to said workmen pursuant to such compromise, $90,000.

As plaintiff is not a party to the contract in question, the basic issue presented by the appeal is whether plaintiff may sue as a third party beneficiary for breach of the contract between defendant and the Flood Control District.

Under section 1559, Civil Code, a contract made *expressly for the benefit of a third person* may be enforced by him at any time before the parties thereto rescind it.

In *Sheppard* v. *Banner Food Products, Inc.,* 78 Cal.App. 2d 808, 812 [178 P.2d 455], the action was brought by plaintiff for declaratory relief on a contract to which he was not a party. A judgment of dismissal after demurrer sustained without leave was affirmed by the appellate court. The court said ''Plaintiff has no right to enforce performance of the Bortz-Banner contract. He was not a party to it and it was not made specifically for his benefit. . . . If a contract is not made expressly for his benefit, it may not be enforced by him even though he would be incidentally benefited by performance.''

In *Mottashed* v. *Central & Pac. Improv. Corp.,* 8 Cal.App. 2d 256, 260 [47 P.2d 525], the court states the rule : ''The rule is well established that in order to sustain such an action an intent to make the obligation inure to the benefit of the third party must have been clearly manifested by the contracting parties. [Citation.] It has frequently been held that where a contract incidentally benefits a third person but is not expressly made for his benefit, he cannot recover thereon. [Citations.] ''

The case of *Marin Municipal Water Dist.* v. *Peninsula Paving Co.,* 34 Cal.App.2d 647 [94 P.2d 404], is somewhat similar to the case at bar and the court points out that an action (ex contractu) will not lie for breach of contract. In that case

the defendant paving company had entered into a contract with the state. The contract between the state and defendant expressly called the attention of defendant to the fact that certain water, gas and sewer lines were buried within the limits of the work to be done, and provided that: " 'The contractor shall take every precaution to protect and preserve such lines from injury or damage during construction operations.' " Plaintiff brought an action to recover damages for injury to its pipeline alleged to have been caused by defendant's negligence in constructing the state highway. A judgment in favor of plaintiff was reversed, the upper court holding there was no substantial evidence to support the finding of negligence.

The court pointed out there was no liability on the contract, saying (p. 653): "The provision of the contract between the state and defendant above quoted that the contractor should preserve and protect the pipe line, in no way enlarged the liability of the contractor to third persons."

If plaintiff were suing in tort, rather than for breach of contract, perhaps different considerations would be applicable and it would be necessary to determine whether as a consequence of the contract, a duty was owed by defendant to plaintiff to use ordinary care in the handling of its pipelines. Thus in the case above mentioned, *Marin Municipal Water District* v. *Peninsula Pacing Co., supra,* 34 Cal.App.2d 647, after pointing out that contractual liabilities had not been enlarged as to third persons, the court did say (p. 653): "All that such a provision means is that the contractor is liable to third persons for failure to use ordinary care in the performance of the contract work."

As the complaint here is clearly based upon an alleged contractual liability, it is not necessary for us to consider further any possible tortious liability.

Generally, it must be clear from the contract that it is made expressly for the benefit of a person as a third-party beneficiary, or such third person must be either a creditor or donee beneficiary in order to maintain suit upon the contract.

A concise statement of the law is found in the Restatement of Contracts, section 133, where third-party beneficiaries are classified as follows:

A person is a *donee beneficiary*: "(a) . . . if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the

promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary.''

A person is a *creditor beneficiary*: ''(b) . . . if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the statute of limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds.''

A person is an *incidental beneficiary*: '' (c) . . . if neither the facts stated in Clause (a) nor those stated in Clause (b) exist.''

Although Civil Code section 1559 makes no reference to the different types of beneficiaries, the California cases generally rely on these Restatement classifications. (See *Hartman Ranch Co.* v. *Associated Oil Co.* (1937) 10 Cal.2d 232, 244 [73 P.2d 1163].)

In the instant case it does not appear that plaintiff was either a creditor or donee beneficiary. The contract was not made expressly for the benefit of plaintiff in that the quoted provisions were for the protection of the Flood Control District and were not intended to give contractual rights to third persons such as plaintiff. Plaintiff is only an incidental beneficiary of the contract and as such cannot sue thereon to recover damages for breach of contract.

The fourth cause of action, likewise ex contractu, is for breach of contract and would fail for the same reason stated above that plaintiff is not in a position to maintain the suit as an express beneficiary of the contract.

In the fourth cause of action, plaintiff seeks to recover as damages for breach of contract the sum which plaintiff paid to two of defendant's workmen to settle a case filed against plaintiff for personal injuries arising out of the explosion.

It should be noted that there is no contract of indemnification as far as plaintiff is concerned. In the contract neither defendant nor the Flood Control District agreed to or contemplated any indemnification or hold harmless clause as to plaintiff.

It is alleged that plaintiff made the payment to settle the

action brought by defendant's employees by way of compromise, not as a result of any judgment obtained against it. Defendant was not a party to such action. This payment was that of a volunteer and not by reason of adjudged liability.

■ This comes under the general rule that there can be no recovery for a voluntary payment of the obligation of another without request and with no promise of repayment by the party whose debt is paid. (See *McMillan* v. *O'Brien,* 219 Cal. 775, 779 [29 P.2d 183].)

■ Another rule is present which eliminates any liability of defendant under the fourth cause of action. Plaintiff paid $90,000 to two of defendant's workmen in settlement of their personal injury claims arising out of the explosion; it is admitted that the two men injured were employees of defendant acting within the scope of their employment.

The right to recover compensation under the Workmen's Compensation Act is the exclusive remedy against the employer (see Lab. Code, former § 3601, in effect when the instant action was filed). To permit plaintiff to recover here on the fourth cause of action would be an indirect recovery of damages for the personal injuries sustained by the two employees as against the defendant employer, whose sole liability is that imposed by the Workmen's Compensation Act. This is contrary to the public policy of the statute (see *Popejoy* v. *Hannon,* 37 Cal.2d 159, 172-173 [231 P.2d 484]).

It has already been pointed out that plaintiff's suit is not, and cannot be, based upon any contract or agreement of defendant for indemnification of plaintiff.

In view of the conclusions above mentioned, it is not necessary to discuss other points raised on appeal, including the point that plaintiff's fourth cause of action is barred by the statute of limitations.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.