[No. 181-2.   Division Two.   April 5, 1971.]

F. SMITH, *Appellant,* v. L. B. SMITH, *Respondent.*

*Argal D. Oberquell* (of *Oberquell & Ahlf*), for appellant.

*Leslie A. Wahlstrom* (of *Johnson, Inslee, Best & Chapin*), for respondent.

ARMSTRONG, J.—This case involves the obligation of a father to furnish support to an adult son as long as he attends college as a full-time student. The rights and obligations in question arise from a property settlement agreement incorporated into a divorce decree. That portion of the settlement agreement which is disputed reads as follows:

> The plaintiff [husband] agrees to pay to the defendant [wife], as Trustee for Mackey F. Smith, the sum of $150.00 per month, for his support, education and maintenance, for each and every calendar month or any portion thereof, in which the said Mackey F. Smith attends as a full time student any university, college, school, professional school, or other institution of higher learning, which sum shall be paid on the first day of each and every month in which the said Mackey F. Smith attends said educational institution as a full time student. However, for the months in which there are less than ten (10) days of school scheduled in said month, then, for that month, plaintiff shall pay a proportionate amount of the monthly support only. The determination of whether or not the said Mackey F. Smith is a "full time student" will be determined by the president or similar official of the institution attended by the said Mackey F. Smith. The said Mackey F. Smith is a person intended to be benefitted by the provisions of this paragraph, and he shall have the right in his own name, as shall the defendant, to enforce the terms and provisions hereof. It is the purpose and intent of the plaintiff to provide said monthly support payments for the said Mackey F. Smith, notwithstanding his attaining legal age.

At the time of the divorce in January, 1964, Mackey F. Smith, the only child of the parties, was 20 years of age and had attended college for approximately 2½ years. He

continued in school until December, 1966, at which time he temporarily left school and became employed. Mackey celebrated his 25th birthday and was married during June, 1968.

The present dispute developed when the appellant, Frankland Smith, petitioned the divorce court for a clarification or, in the alternative, for modification of the divorce decree. The husband asserted that the parties intended the child support provisions to apply only while the son was a continuous student at some institution of higher learning; that when the son discontinued his studies as a full-time student between December of 1966 and February of 1969, the husband's obligation of support was thereby permanently terminated because the contract had been abandoned. The husband also contended that the child support payments were not to continue after the son was married. The settlement agreement was silent on both points.

The wife answered the husband's petition for clarification or modification. In addition, the court issued an order to show cause why the defendant husband should not be held in contempt for failing to pay support in accordance with the terms of the decree.

At the trial, the court considered the affidavits of the parties and the testimony of Mackey F. Smith. The petition for clarification or in the alternative for modification of the decree was denied. The court refused to hold the husband in contempt of court for his failure to make two delinquent monthly support payments.

■ Citing *Sutherland v. Sutherland,* 77 Wn.2d 6, 459 P.2d 397 (1969), the trial court held that a father's liability, under a divorce decree for the support of a minor child, ceases when the child reaches the age of majority. As the court recognized, a divorce decree, even if it provides for support payments to a child beyond its majority, cannot be enforced by contempt proceedings after the child reaches majority. *Dawson v. Dawson,* 71 Wn.2d 66, 426 P.2d 614 (1967). Nor does the court have authority to modify the decree. *Mallen v. Mallen,* 4 Wn. App. 185, 480 P.2d 219

(1971). The trial court also correctly held that if there is a contract providing for the support of a child who has reached majority, such contract may be enforced by normal contract remedies. *See Knittle v. Knittle*, 2 Wn. App. 208, 467 P.2d 200 (1970); *Sheldon v. Superior Court*, 257 Cal. App. 2d 541, 65 Cal. Rptr. 59 (1967).

The court then reasoned that since all of the parties were before the court and the contract was complete and unambiguous on its face, to avoid circuity of action the court could and should decide the entire matter at that time. The court stated, "The circuity of action is to be avoided, if it can be done without prejudice to the parties and/or work any undue hardship on them."

At the trial, the court decided that it was not necessary to receive any testimony as to the intentions of the parties because the contract was complete and unambiguous. The court then held that the wife's sole remedy was specific performance of the contract, stating that the plaintiff husband "is obligated to make the payments in accordance with the terms of said decree and property settlement agreement."

The sole question presented on this appeal is whether the court, to avoid circuity of action, could grant specific performance of this support contract for the benefit of the adult son in a trial presented on the issue of clarification or modification of the decree of divorce, on behalf of the husband, and enforcement of the decree by the contempt process, on behalf of the wife. We hold that the trial court did not have this authority under the facts of this case.

We shall first consider whether the contract of the parties was so complete and unambiguous on its face that the court was warranted in holding that the written instrument was intended to be the final integrated agreement of the parties. The plaintiff husband contends that it is silent in two important respects: (1) Whether the contract was applicable only as long as the son remained a full-time student on a continuous basis and (2) whether the contract was intended to be effective after the marriage of the son. The

trial court held that these omissions did not make the contract ambiguous. In effect, the court held that the omissions were irrelevant and immaterial and the writing constituted the complete integration of the agreement of the parties. We cannot agree.

Parol evidence is generally admissible where it does not tend to contradict the terms of the contract, but merely to supply an omission which is relevant and material to the performance of the contract. Under such circumstances the written contract would not contain the entire agreement of the parties and to that extent would be ambiguous as to the intention of the parties. *Keeter v. John Griffith, Inc.*, 40 Wn.2d 128, 241 P.2d 213 (1952); *see Buyken v. Ertner*, 33 Wn.2d 334, 205 P.2d 628 (1949); 30 Am. Jur. 2d *Evidence* § 1047 (1967). This contract was silent as to the length of time the father would be required to support his son in college and whether it continued in effect 2 years after the adult son had withdrawn from full-time college attendance. Where a contract is silent as to time of duration, it will be implied that performance was intended to take place within a reasonable time. What constitutes a reasonable time is a question of fact which is dependent upon the subject matter of the contract, the situation of the parties, their intention and the circumstances attending the performance of the contract. *Albright v. Hughes*, 107 Ind. App. 651, 26 N.E.2d 576 (1940); 17 Am. Jur. 2d *Contracts* §§ 329, 330 at 764, 765 (1964).

If we were to assume that this contract was complete on its face and that time was not relevant and material to its interpretation, the father's obligation to pay support might continue for an unlimited number of years while the son attended "as a full time student any university, college, school, professional school or institution of higher learning." Such a result appears to be unreasonable.

On a retrial the court shall receive parol evidence to ascertain whether the contract contains all of the terms agreed upon by the parties. In the event that no time limit

was considered by the parties, the court should determine what would constitute a reasonable time for the father to support his son under all of the circumstances of this case. The court should also consider whether the contract was abandoned by the fact that the son terminated his full-time college attendance for a period of 2 years.

There is another compelling reason for granting a new trial in this case. The court assumed that specific performance of the contract was the only remedy available to the defendant wife or to the son. We do not believe that it is the appropriate remedy.

■■ It must be remembered that equitable relief is not available if there is a plain, adequate and complete remedy at law. In this instance the contract calls for the payment of money and a court of equity can do no more than a court of law—give a money judgment for the amount due. Under such circumstances there is an adequate remedy at law. *Muller v. Muller,* 266 N.Y. 68, 193 N.E. 642 (1934); *Sheppard v. Banner Food Prods., Inc.,* 78 Cal. App. 2d 808, 178 P.2d 455 (1947); W. de Funiak, Handbook of Modern Equity § 67 at 154 (1956). Futhermore, there were conditions imposed upon the son before the father was required to pay—the son must prove that he is a full-time college student. A court of equity would be most reluctant to enforce a contract which requires the subsequent supervision and direction of the court, especially when the contract extends over a period of time. *Cahalan Inv. Co. v. Yakima Central Heating Co.,* 113 Wash. 70, 193 P. 210 (1920).

Reversed and remanded for a new trial.

PETRIE, C.J., and PEARSON, J., concur.
Petition for rehearing denied April 21, 1971.