[No. 529-3.    Division Three.    July 24, 1972.]

ROBERT CROMWELL, *Respondent*, v. ROBERT GRUBER, *Appellant*.

*Harry E. Hennessey* (of *Hennessey, Curran, Kelly & Workland*), for appellant.

*Jack R. Dean* (of *Quackenbush, Dean & Bailey*), for respondent.

GREEN, J.—Plaintiff, Robert Cromwell, was awarded a judgment against the defendant, Robert Gruber, for breach of contract. Defendant appeals.

The basic issue presented is whether an agreement evidenced in part by a letter from defendant granting to plaintiff the exclusive right to sell Dura automatic typewriters in a defined area upon commission could be terminated by defendant at will and without prior notice to plaintiff after being in force for only 6 months. The trial court said "no" and awarded damages to the plaintiff for breach of contract. We agree.

Prior to September 19, 1968, the parties entered into negotiations for a contract granting to plaintiff an exclusive right to sell Dura automatic typewriters in the Spokane area. During these negotiations, plaintiff told defendant that he was only interested in securing the right to sell the automatic typewriter if the same be on an above-board basis and if he could be assured that he, the plaintiff, would have ample time to develop the area, would be treated fairly and would not have the right to sell such automatic typewriters taken away from him at the whim or caprice of the defendant Gruber. Following these discussions, the defendant prepared and sent to plaintiff a letter dated September 19, 1968, as follows:

> Dear Bob:
>
> This will serve as a *temporary contract* existing between you and I *identifying the territory coverage and the commissions expected.* Dura is now in the process of drawing up a new contract and in approximately 30 days, a similar contract will be drawn up between you and I.
>
> The territory covered in your area is identified by counties. They are the following:
>
> | | |
> |---|---|
> | Ferry | Stevens |
> | Pend Oreille | Lincoln |
> | Spokane | Adams |
> | Whitman | Garfield |
> | Columbia | Asotin |
>
> As you can see this is the eastern area of the state of Washington. The territory does not, at this time, extend

into Idaho, although it may very well in the near future. Your commission will be 15% of the Dura published purchase price. This percentage will be paid on equipment, accessories, and supplies on customer purchases. We have the facilities from this office to handle third party leasing and as far as you are concerned, the percentage would still remain the same, as this is an actual sale to the leasing company. Dura recently has announced a rental program for the purpose of meeting competition most commonly encountered, i.e. IBM MT/ST. Your commission rate paid on Dura rental rates is 12½% of the monthly rental rate excluding service.

Commissions will generally be paid to you on receipt of commissions from Dura. As a rule the customer is invoiced directly by Dura the day the equipment leaves the factory. Depending upon the time of the month, payment would be made upon receipt from Dura either on the 15th or the last of the month.

Our orders are to be submitted on the standard Dura sales order forms with the proper signature and credit information forwarded to this office.

Literature will be supplied by this office and if the literature is of such a nature that it is a chargeable item, you will be billed at the Dura factory rate. A training manual will be supplied to you which will not only assist in learning a little bit about the company and its products, but also the proper method of selling Dura equipment.

I would like the opportunity to work with you from time to time, offering training and instruction in helping you with your demonstrations.

I believe we can have a most congenial operations here, Bob, and I KNOW YOU WILL COOPERATE WITH ME JUST AS I must cooperate with my factory.

Sincerely,

[s]      Robert B. Gruber

Robert B. Gruber

(Italics ours.) Thereafter, plaintiff undertook to sell the Dura typewriter and expended considerable time and effort to develop the territory and sell the Dura machines, to the exclusion of his other business operated as "Cromwell Sales" which sold general office supplies.

In the late winter or early spring of 1969, plaintiff met one Kennedy who represented that he was taking over the area for Dura. On March 15, 1969, after several prior attempts plaintiff consulted by telephone with defendant at his home and learned that Kennedy's statement was correct and that his right to sell typewriters was terminated. There is no evidence that defendant gave any prior notice of termination to plaintiff. Plaintiff then brought this action against defendant to recover damages for breach of contract by wrongful termination.

The temporary written contract quoted above adequately defined territory coverage and compensation agreed to by the parties; however, it is silent as to duration. Where a written contract is not a complete integration of the intent of the parties, it is permissible to consider evidence of oral understandings or agreements between the parties in order to supply the missing terms of the contract, insofar as they are not inconsistent with the written terms. *Smith v. Smith*, 4 Wn. App. 608, 484 P.2d 409 (1971); *Buyken v. Ertner*, 33 Wn.2d 334, 345, 205 P.2d 628 (1949); *P. S. Wick Co. v. DuBarry*, 159 Wash. 380, 293 P. 447 (1930); *Mangini v. Wolfschmidt, Ltd.*, 165 Cal. App. 2d 192, 331 P.2d 728 (1958). (It was held therein that where a written distributorship contract was silent on duration, the contract was not a complete integration and parol evidence could be introduced to prove the intended duration.) See 3 Corbin, Contracts § 583 (1960). It is also the rule that where a contract is silent as to duration, the court may imply a reasonable time during which the contract cannot be terminated except for cause, or find the contract terminable at will upon reasonable notice; the intent of the parties is the controlling factor. 19 A.L.R.3d 319 (1968); 17A C.J.S. *Contracts* §§ 385(1) and 398 (1963); *Harbor Land Co. v. Grosse Ile*, 22 Mich. App. 192, 177 N.W.2d 176 (1970); *cf. Utility Appliance Corp. v. Kuhns*, 143 A.2d 35, 37 (Pa. 1958). *General Tire & Rubber Co. v. Distributors, Inc.*, 253 N.C. 459, 117 S.E.2d 479, 489 (1960).[1] If a reasonable period of duration can be implied from the circumstances, the con-

tract is not terminable at will until the lapse of such reasonable time and then only upon reasonable notice. 17A C.J.S. *Contracts* § 398 (1963).

Here the trial court found that plaintiff was not interested in securing the right to sell Dura products unless he would be given ample time to develop the area, would be treated fairly and would not have the right to sell such products taken away from him at the whim or caprice of the defendant. Finding of fact 2. This finding is not challenged; it becomes a verity. CAROA 43; *Coons v. Coons*, 6 Wn. App. 123, 491 P.2d 1333 (1971). Both before and after the letter of September 19, 1968 defendant urged and requested plaintiff to contact potential buyers, to begin to establish good customer relationships, and to prepare to give demonstrations once demonstrator units were supplied. Thereafter, plaintiff assisted in obtaining a favorable article in the Washington State Bar News about the Dura automatic typewriter, contacted customers suggested by defendant, and made customer contacts on his own. Defendant reassured plaintiff that demonstrator units and customer service, which had been delayed, would be furnished in the future so as to facilitate future sales. These dealings indicate contemplation by the parties that plaintiff would have to make numerous contacts with potential customers to develop good will for Dura products before sales would be made. Implicit from these circumstances is the conclusion that both parties intended the contract to exist for a

---

[1] We have not found a Washington case where this rule has been precisely stated. However, there are cases where the court has implied a reasonable time for performance, based on all circumstances in the case, where no duration was stated in the contract. *Bullock v. Parsons*, 193 Wash. 79, 74 P.2d 892 (1937); *Smith v. Smith*, 4 Wn. App. 608, 484 P.2d 409 (1971); *Foelkner v. Perkins*, 197 Wash. 462, 85 P.2d 1095 (1938). In *Mayflower Air-Conditioners, Inc. v. West Coast Heating Supply, Inc.*, 54 Wn.2d 211, 339 P.2d 89 (1959), 60 Wn.2d 766, 375 P.2d 495 (1962), a contract omitting reference to a specific duration was found to be terminable at will upon reasonable notice. This finding appears to have been based on the particular circumstances of that case. The case does not preclude the implication of a reasonable time where the circumstances compel such an inference.

reasonable time to give plaintiff a reasonable opportunity to develop the territory. Finding of fact 2 indicates the court did find such an agreement existed. Further, finding of fact 2, read in light of the court's oral opinion, reveals the inherent conclusion that 6 months was not a reasonable time for the duration of this contract. Thus, defendant breached the contract when he terminated it without cause at the end of that period of time.

■ By reason of defendant's breach, plaintiff should be reimbursed for the time he spent developing the territory, together with his out-of-pocket expenses since the breach prevented him from realizing anything from his efforts in developing the territory. See Restatement of Contracts §§ 326, 347 (1932); *Dravo Corp. v. L. W. Moses Co.*, 6 Wn. App. 74, 90, 492 P.2d 1058 (1971); *Prier v. Refrigeration Eng'r Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968); *Platts v. Arney*, 50 Wn.2d 42, 47, 309 P.2d 372 (1957); *Donald W. Lyle, Inc. v. Heidner & Co.*, 45 Wn.2d 806, 278 P.2d 650 (1954); *Lloyd v. American Can Co.*, 128 Wash. 298, 309, 222 P. 876 (1924). Even though an exact computation of damages is not possible, it is within the discretion of the trial court to award damages within the range of the evidence. *Huzzy v. Culbert Constr. Co.*, 5 Wn. App. 581, 489 P.2d 749 (1971). Plaintiff testified that he spent half his time developing the area for future Dura sales and that this time was worth $400 per month. We find the award of $300 per month for plaintiff's 6 months of work to be an award within permissible range of the evidence.

■ The factual portions of findings of fact 3 and 4 to which error is assigned are supported by substantial evidence and will not be disturbed.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.