Filed 3/20/15  Gabel v. Kumho Tire CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| JOSHUA GABEL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>KUMHO TIRE U.S.A., INC. et al.,<br><br>    Defendants and Respondents. | E058981<br><br>(Super.Ct.No. CIVRS1109285)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Keith D. Davis, Judge.  Affirmed.

Joshua Gabel, in pro. per., for Plaintiff and Appellant.

Lim, Ruger & Kim, Lisa J. Yang and Phillip K. Cha for Defendant and Respondent Kumho Tire U.S.A., Inc.

Maranga Morgenstern, Robert A. Morgenstern, Ninos Saroukhanioff and Dennis S. Newitt for Defendant and Respondent Werner Enterprises, Inc.

1

## I

## INTRODUCTION

Plaintiff and appellant Joshua Gabel appeals from a judgment of dismissal entered after the trial court sustained without leave to amend the demurrers to the third amended complaint (TAC) brought by defendants and respondents Werner Enterprises, Inc. (Werner) and Kumho Tire U.S.A., Inc. (Kumho). In 2008 and 2009, Gabel was an employee of Werner, providing logistical and transportation services to Werner's customer, Kumho. After the Kumho project ended, Werner offered Gabel alternative employment in Pennsylvania which he refused. Werner then terminated Gabel's employment on January 30, 2009. Acting as his own lawyer, Gabel made three unsuccessful attempts to amend his complaint.

Based on our independent review, we conclude Gabel cannot state a cause of action against defendants. Although he appears to have been poorly treated, most of his claims are either untimely or subject to an exclusive remedy. His seventh cause of action is uncertain, ambiguous, and unintelligible. We affirm the judgment.

## II

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Second Amended Complaint*

The original complaint was filed on October 21, 2011. It was a two-page form complaint against Kumho, making entirely conclusory allegations of general negligence, discrimination, sexual harassment, retaliation, and intentional infliction of emotional

2

distress.  An amended pleading was filed on November 1, 2011, adding Werner as a defendant.

Before serving defendants, Gabel filed a motion for leave to file a second amended complaint (SAC).  The court warned Gabel of the "perils of self-representation," advised him to contact the bar association, and provided him with an informational handout. Gabel said he was trying to find an attorney on contingency.  The court granted the motion for leave to file the SAC and ordered Gabel to serve defendants.  Subsequently, after the court granted Werner's motion to quash service, it again "encourage[d]" Gabel to obtain counsel.  Gabel finally served both defendants personally in August 2012.

The SAC was a form complaint for breach of contract, fraud, general negligence, intentional tort, discrimination, sexual harassment, and professional negligence, seeking damages of $860,000 and expungement of offenses from his driving record.  The complaint is 126 pages and unorthodox in its construction.  Because Gabel is representing himself, his SAC "is not in the form to which courts are accustomed."  (*Fleet v. Bank of America N.A.* (2014) 229 Cal.App.4th 1403, 1406.)

The SAC incorporates documents from Gabel's FEHA[1] complaint for discrimination, including a written narrative, in which Gabel recites that he was hired by Werner in October 2006 to work for two years in Grants Pass, Oregon.  In March 2008,

---

[1] California Fair Employment and Housing Act (FEHA), Government Code section 12900 et seq.

he was offered another position in Rancho Cucamonga, California, providing logistics and transportation services to Kumho, and he signed a relocation agreement with Werner. On April 19, 2008, Werner hired him as a dedicated transportation manager earning $41,000 annually, plus a $1,000 monthly bonus. On December 28, 2008, Kumho cancelled its contract with Werner. Werner offered Gabel alternative employment in Pennsylvania which he rejected. While working for Werner and Kumho, Gabel was sexually harassed by Kumho employees from April 19, 2008, until January 30, 2009, when he was terminated based on his status as a homosexual man. Gabel was given a FEHA notice of case closure and right-to-sue letter on October 21, 2010, for Kumho and another notice and letter for Werner on January 3, 2011.

Fourteen pages of the SAC contain more elaborate descriptions of the incidents Gabel purportedly suffered at Kumho, including being called a monkey; questioned about his marital status and whether he was gay; denied proper work access, salary, and commissions; not recognized on his birthday; and forced to witness third-party harassment. Gabel attached 20 pages of Werner and Kumho's "Schedule of Contract Rates and Terms for Dedicated Fleet Operations." He also attached his apartment lease, the relocation agreement, emails, and other miscellaneous documents. He included a statement about his prostate cancer, his homelessness, and his inability to secure employment.

Defendants demurred to the SAC. The court sustained the demurrers with leave to amend, warning that "[t]his will be the last leave to amend the Court will grant. [¶] The court encourages Plaintiff to seek legal assistance."

B. *The TAC*

In the TAC, Gabel adopts a more conventional legal style. He asserts seven causes of action, based mainly on the 2008 relocation agreement between Gabel and Werner: 1) misrepresentation in violation of Labor Code sections 970, 971, and 972; 2) third-party breach of contract between Werner and Kumho; 3) fraud; 4) breach of the covenant of good faith and fair dealing; 5) negligence caused when Kumho's president put his hands on Gabel's shoulders and around his neck; 6) promissory estoppel; and 7) employment discrimination based on "marital status, sex, national origin/ancestry-English language, and career status/job assignment based on quid pro quo and the creation of a hostile work environment." Examples of the latter were calling Gabel a monkey; questioning his marital status and whether he was gay; not recognizing his birthday; forcing him to witness third-party harassment; retaliation; and sending vulgar emails. Most of the documents attached as exhibits are the same as for the SAC.

Werner's demurrer to the TAC is not part of the record on appeal. Kumho demurred to the TAC based on the failure to state a claim and because the seven causes of action are uncertain, ambiguous, and unintelligible. The court sustained defendants' demurrers to the TAC without leave to amend.

5

DISCUSSION

Gabel's appellate briefs, filed in propria persona, do not comply with appellate protocol and California Rules of Court, rule 8.204(a)(1)(C).)  "When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellant court need not search through the record in an effort to discover the point purportedly made."  (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.)  It is appellant's duty "to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. . . .  If no citation 'is furnished on a particular point, the court may treat it as waived.'"  (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)  In spite of these defects, in the interests of justice, we will address Gabel's contentions based on our independent review of the record.

*A.  Standard of Review*

The trial court's judgment or order "is presumed correct and prejudicial error must be affirmatively shown."  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)  In reviewing a trial court's order sustaining a demurrer without leave to amend, we independently review the complaint to determine whether it alleges facts sufficient to state a cause of action under any legal theory and whether the trial court abused its discretion in denying leave to amend.  (Code Civ. Proc., § 472c, subd. (a); *Connerly v. State of California* (2014) 229 Cal.App.4th 457, 460; *Cantu v. Resolution*

*Trust Corp.* (1992) 4 Cal.App.4th 857, 879.)  We treat the demurrer as admitting all material facts—including matters that may be judicially noticed—but not contentions, deductions or conclusions of fact or law.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)

### B.  Failure to State A Claim

Werner argues that Gabel waived some of his claims by not addressing them on appeal.  (*EnPalm, LLC v. Teitler* (2008) 162 Cal.App.4th 770, 775.)  We disagree.  A fair and liberal reading of his briefs discloses an effort to discuss all his causes of action.  Nevertheless, Gabel does not offer salient argument or authority to support his contention that the trial court erred in sustaining defendants' demurrer without leave to amend.

### 1.  Labor Code Violation and Fraud

Gabel's first cause of action, for violations of Labor Code sections 970, 971, and 972, alleges that Werner made false representations to induce him to move from Oregon to Rancho Cucamonga under a relocation agreement.  Gabel maintains the employment conditions at Kumho were not as represented and he was wrongfully terminated by Werner on January 30, 2009.  Gabel cites Labor Code section 970, which prevents employers from inducing employees to move to, from, or within California by misrepresenting the nature, length, or physical conditions of employment.  (*Seubert v. McKesson Corp.* (1990) 223 Cal.App.3d 1514, disapproved on other grounds in *Dore v. Arnold Worldwide, Inc.* (2006) 39 Cal.4th 384, 389-391.)

7

This cause of action does not apply to Kumho, who was not Gabel's employer and made no representations to him. Werner does not address Labor Code section 970. However, claims under Labor Code sections 970, 971, and 972 have been held subject to a one-year statute of limitations under Code of Civil Procedure section 340, subdivision (a), for actions upon a statute for a "penalty or forfeiture." (*Aguilera v. Pirelli Armstrong Tire Corp.* (9th Cir. 2000) 223 F.3d 1010, 1018, citing *Munoz v. Kaiser Steel Corp.* (1984) 156 Cal.App.3d 965, 980.) Gabel's employment was terminated in January 2009. His complaint, filed more than two years later in October 2011, was untimely as to this cause of action.

The third cause of action for fraud is based on the same allegations that Werner made misrepresentations to induce Gabel to relocate from Oregon to Rancho Cucamonga. Gabel alleges the fraud occurred on April 11, 2008. The applicable statute of limitations is three years. (Code Civ. Proc., § 338, subd. (d); *William L. Lyon & Associates, Inc. v. Superior Court* (2012) 204 Cal.App.4th 1294, 1312.) Gabel has not pleaded or proposed any facts that would justify the application of the delayed discovery rule. (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110; *Lee v. Escrow Consultants, Inc.* (1989) 210 Cal.App.3d 915, 920.) Therefore, the complaint filed in October 2011, more than three years later than April 2008 was untimely as to the cause of action for fraud.

Even if not time-barred, the fraud claim has not been alleged with the required specificity and fails for that reason. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974; *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513, 519;

8

*Goldrich v. Natural Y Surgical Specialties, Inc.* (1994) 25 Cal.App.4th 772, 782-783; *Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157.) The fact that Werner induced Gabel to accept a promotion and to relocate to California is insufficient to support a fraud claim against Werner and wholly inapplicable to Kumho.

2. *Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing*

In the second cause of action, Gabel attempts to state a claim as the third-party beneficiary of a contract between Werner and Kumho. Gabel cannot prevail on such a theory. For a contract to be enforceable by a third party, a contract with another must be made expressly for the benefit of the third person. (Civ. Code, § 1559.) Even if a third person may receive an incidental benefit from a contract, he cannot enforce the contract. (*Sheppard v. Banner Food Products* (1947) 78 Cal.App.2d 808, 812; *Mottashed v. Central & Pac. Impr.Corp.* (1935) 8 Cal.App.2d 256, 260.) Gabel was an employee of Werner and was neither a party to the contract between Werner and Kumho nor an express beneficiary of their contract. His second cause of action fails.

Alternatively, the fourth cause of action for breach of the covenant of good faith and fair dealing, arising from the underlying breach of contract claim, is untenable because Gabel failed to establish he was a party to or a beneficiary of any material contract with defendants. (*Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658; *InfiNet Marketing Services, Inc. v. American Motorist Ins. Co.* (2007) 150 Cal.App.4th 168, 180.) Gabel does not allege the existence of any contract except for the "relocation agreement," in which Werner agreed to provide financial assistance for

9

Gabel's move and Gabel agreed to reimburse Werner if he voluntarily resigned within two years. Nowhere does Gabel allege that Werner violated this agreement or that Werner demanded reimbursement from Gabel. Gabel did not allege any bad faith by Werner on connection with the relocation agreement.

*3. Tort Claims and Promissory Estoppel*

Gabel also cannot assert separate tort claims against both defendants (although Kumho was not his employer) in the fourth and fifth cases of action for breach of the implied covenant of good faith and fair dealing and negligence. The tort claims are subject to a two-year statute of limitations for the "wrongful act or neglect of another." (Code Civ. Proc., § 335.1.) Any act or neglect by defendants occurred before January 30, 2009. His complaint filed in October 2011 is more than two years later than January 2009. No amendment can cure this defect.

Furthermore, the California Workers' Compensation Act (Lab. Code, § 3600 et seq.) provides the exclusive remedy for any injury sustained in the course of employment. (Lab. Code, §§ 3601, 3602; *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 811.) Injuries resulting from termination of employment are subject to the exclusive remedy rule because, "both the act of termination and the acts leading up to termination necessarily arise out of and occur during and in the course of the employment." (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 20.) Workers' compensation is also generally the employee's only remedy for injuries resulting from an employer's conduct that is a normal part of the employment

10

relationship, "notwithstanding that the injury resulted from the intentional conduct of the employer, and even though the employer's conduct might be characterized as egregious." (*Id*. at p. 15.)

The exclusive remedy doctrine also bars Gabel's sixth cause of action for promissory estoppel. Additionally, he failed to plead sufficient facts to establish such a claim. Gabel asserts, "Wrongfully terminated employees may assert contractual rights based on estoppel principles." Promissory estoppel is not a cause of action per se, although it can be pleaded as a substitute for consideration to establish a contract. Promissory estoppel is "'a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced.'" (*Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority* (2000) 23 Cal.4th 305, 310.) The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages "'measured by the extent of the obligation assumed and not performed.'" (*Toscano v. Greene Music* (2004) 124 Cal.App.4th 685, 692.) Here the sixth cause of action seems to be based on Werner's alleged inducements involving relocation. Kumho was not involved because it was not Gabel's employer. Otherwise, no specific facts support this claim against defendants.

*4. Employment Discrimination*

The seventh cause of action is a mélange of allegations about employment discrimination and wrongful termination directed jointly at both Kumho and Werner. Gabel alleges that Kumho employees called him a monkey, asked about his marital status

11

and whether he was gay, excluded him from birthday celebrations, subjected him to displays of third-party harassment, stole a model truck off his desk, sent him vulgar emails, and engaged in other kinds of harassing behavior. He also alleges that Werner did not respond to his complaints and terminated him in violation of public policy. On appeal, Werner treats the seventh cause of action as waived. Kumho contends the cause of action does not apply to it because it was not Gabel's employer.

A special demurrer to a complaint may be brought on the ground the pleading is uncertain, ambiguous, or unintelligible. (Code Civ. Proc., § 430.10, subd. (f); *Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180, 1191.) Indeed, a pleading must state the essential facts upon which a determination of the controversy depends. Allegations of material facts that are left to surmise are subject to demurrer for uncertainty. (*Ankeny v. Lockheed Missiles and Space Co.* (1979) 88 Cal.App.3d 531, 537.) A demurrer for uncertainty may be sustained when a defendant cannot reasonably determine what it is required to respond to; for example, when a plaintiff joins multiple causes of action as one, fails to properly identify each cause of action, or fails to state against which party each cause of action is asserted if there are multiple defendants. (*Williams v. Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135, 139, fn. 2.)

Applying these principles, we conclude the seventh cause of action is uncertain, ambiguous, and unintelligible. Although Werner was Gabel's employer and Kumho was not, Gabel seems to allege joint liability by them for Kumho's employees' conduct toward him and Werner's termination of his employment. Based on the present state of

12

the pleadings, however, defendants cannot determine what are the essential, material facts upon which they may be held liable to Gabel or what are the nature of the legal claims against them. On appeal, Gabel cites no intelligible, pertinent legal authority to support the seventh cause of action. The trial court properly sustained the demurrer to this cause of action without leave to amend.

## C. Amendment

Gabel has the burden to show a complaint may be amended. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.) It is an abuse of discretion to deny leave to amend only if an amendment is potentially effective. (*CAMSI IV v. Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1542.) If the plaintiff cannot show an abuse of discretion, the trial court's order sustaining the demurrer without leave to amend must be affirmed. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1498.)

Whether below or on appeal, Gabel has not shown any reasonable possibility of curing defects by amendment after filing four versions of the complaint. In *Chicago Title Ins. Co. v. Great Western Financial Corp.* (1968) 69 Cal.2d 305, 312-314, a private antitrust action, defendants brought demurrers to each successive complaint over the course of two years. The matter was dismissed on demurrer to the fourth amended complaint after plaintiffs failed to allege an unlawful business practice and injury. In *Titus v. Canyon Lake Property Owners Assn.* (2004) 118 Cal.App.4th 906, plaintiff was denied leave to amend a fourth time. The trial court here could not have reasonably concluded that there was any possibility of curing the defects of the complaint if Gabel

13

was granted another opportunity.  Under these circumstances, after four attempts to state a claim, it was well within the court's discretion to sustain the demurrer without leave to amend.  (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1371.)

IV

DISPOSITION

Gabel has not shown error, even under an independent standard of review.  His claims fail as a matter of law for multiple reasons.  We affirm the judgment.

In the interests of justice, the parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.

14