NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELIZABETH ANDREWS,

          Plaintiff-Appellant,

v.

YAKIMA SCHOOL DISTRICT #7,

          Defendant-Appellee.

No.   20-35207

D.C. No. 1:19-cv-03026-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted July 9, 2021
Seattle, Washington

Before: CLIFTON and IKUTA, Circuit Judges, and CALDWELL,[**] District Judge.
Dissent by Judge IKUTA.

    Elizabeth Andrews ("Andrews") appeals the district court's denial of her

motion for summary judgment and the grant of summary judgment in favor of the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

defendant, Yakima School District #7 (the "District"). We review de novo the district court's ruling on a motion for summary judgment. *Universal Cable Prods., LLC v. Atl. Specialty Ins. Co.*, 929 F.3d 1143, 1151 (9th Cir. 2019).

The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Andrews presents three issues on appeal: whether the district court erred in denying her breach of contract claim, procedural due process claim, and wrongful discharge claim. The Court addresses only the issue of breach of contract because the disposition of this issue dictates the resolution of the due process and wrongful discharge claims.

As a new hire, Andrews' employment contract with the District was contingent on a successful outcome of a criminal history records review. As part of this process, Andrews was required to have fingerprints taken. When the District rescinded the employment contract, approximately three business days prior to the first day of school, Andrews still had not gotten her fingerprints taken. At the time the District revoked the offer, Andrews' background check had not been completed. The "Intent to Hire" agreement signed by the parties was explicit in conditioning the offer by the District on successful completion of the background check requirement.

Moreover, Andrews acknowledged that she was required to submit to a urinalysis drug screening within 24 hours of a date and time specified in a document

titled, "Acknowledgement and Understanding of Drug Screen and/or Physical Process." That document stated that if Andrews failed to report for the screening, "any offer of employment with [the District] will be voided." Andrews concedes that the drug test was never completed. Nor did she make any effort prior to the revocation of her employment offer to explain to the District any reason for her failure to report for the test.

"[W]hen the parties to a proposed contract have agreed that the contract is not to be effective or binding until certain conditions are performed or occur, no binding contract will arise until the conditions specified have occurred or been performed." *Int'l. Brotherhood of Teamsters v. NASA Services, Inc.*, 957 F.3d 1038, 1047 (9th Cir. 2020) (quoting 13 Williston on Contracts § 38:7 (4th ed.)); *see Northern State Const. Co v. Robbins*, 457 P. 2d 187, 192 (Wash. 1969). The conditions precedent in this case were never satisfied.

**AFFIRMED.**

*Andrews v. Yakima School District #7*, 20-35207

IKUTA, Circuit Judge, dissenting:

The majority today holds that an employer can unilaterally rescind an employment contract if it decides that the employee is taking too long to complete a condition to continued employment. But under Washington law, if a contract does not set deadlines for completing conditions for continued performance, the contract is deemed to give the party "a reasonable time for performance" of those conditions. *Byrne v. Ackerlund*, 108 Wash. 2d 445, 455 (1987). Because there is a genuine issue of material fact as to whether the employee here failed to complete a condition in a reasonable period of time, I dissent from the majority's decision to affirm the district court's grant of summary judgment to the employer.

A

On August 3, 2016, Andrews, a 61-year-old certified English teacher with over two decades of teaching experience in Washington public schools, signed a "Certificated Employee Contract" with Yakima School District No. 7 (YSD), which confirmed that Andrews was "hereby employed" by YSD. The contract stated that it was subject to certain conditions, including "the acceptable outcome of the criminal history records review." The contract did not include a deadline for meeting these conditions.

Some time later, on August 9, 2016, Andrews signed a form entitled

"Acknowledgment and Understanding Of Drug Screen and/or Physical Process" (referred to as the "Acknowledgment"). This document stated that if Andrews did not obtain a drug test within 24 hours of August 9, 2016 at 1:50 pm "any offer of employment" with YSD is void.

The parties agree that in order to satisfy the condition of having an acceptable criminal history records review, Andrews had to get her fingerprints taken. On August 26, while on the way to the Washington State Patrol's office to complete her fingerprinting, Andrews received a call from YSD informing her that her contract was rescinded because she had not obtained her fingerprints and had not completed the drug screening. Andrews nevertheless completed the fingerprint requirement that day. Andrews also offered to take a drug test, but was told there was no reason to do so. The district court held that because YSD rescinded the contract before Andrews obtained her fingerprints, Andrews's contract never became effective.

## B

The majority errs in affirming the district court's conclusion. The Certificated Employee Contract signed by YSD and Andrews is a valid, binding contract which included a condition precedent to further performance under the contract—that YSD be satisfied with a criminal history records review. *See Ross*

2

*v. Harding*, 64 Wash. 2d 231, 236 (1964) ("'Conditions precedent' are those facts and events, occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available."). Contrary to the majority, Majority at 3, nothing in the Certificated Employee Contract suggests that an acceptable records review was a condition precedent to contract *formation* rather than contract performance.[1]  For instance, the contract does not state that if the records review is not acceptable the contract is "null and void," *cf. Int'l Brotherhood of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1047 (9th Cir. 2020) (holding, as a matter of California law, a proposed contract is not binding when the parties to the proposed contract explicitly agree that the contract "shall become null and void" if certain conditions are not performed or

---

[1] To support its argument that there is no binding contract if conditions precedent are unfulfilled, the majority cites two inapposite cases.  Majority at 3 (citing *Int'l Brotherhood of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1047 (9th Cir. 2020); *N. State Const. Co. v. Robbins*, 76 Wash. 2d 357, 365 (1969)). *NASA Services* does not support the majority because it interprets California (rather than Washington) contract law, and relies on language not present in Andrews's contract.  *See* 957 F.3d at 1047.  And the cited section in *Robbins* holds only that parol evidence is admissible to prove that a condition precedent is satisfied.  76 Wash. 2d at 365–66.  Neither case supports the majority's conclusion that there was no binding contract here.  *See Ross*, 64 Wash. 2d at 236.

3

occur).[2]  Therefore, YSD was bound by the contract, although it could be relieved from further performance under the contract if Andrews did not fulfill her conditions precedent.

To do her part in fulfilling the records review condition precedent, Andrews was fingerprinted on August 26th.  Under Washington law, "a reasonable time for performance" of a condition is implied into the contract.  *Byrne*, 108 Wash. 2d at 455.  The amount of time deemed reasonable "is a question of fact . . . dependent upon the subject matter of the contract, the situation of the parties, their intention and the circumstances attending the performance of the contract."  *Smith v. Smith*, 4 Wash. App. 608, 612 (1971).  There is a genuine issue of material fact as to whether Andrews failed to complete fingerprinting for the background check within a reasonable period of time and therefore breached the contract.  *See id.* YSD is not entitled to summary judgment on this issue.

The majority also asserts that YSD could unilaterally rescind the contract because Andrews did not report for drug screening within the 24-hour period stated on the Acknowledgement.  Majority at 3.  This is a red herring, however, because

---

[2] The Certificated Employee Contract did state that the contract would not become effective, and would be void, if three *other* conditions were not met, including approval by the YSD Board of Directors.  It is undisputed that all three conditions were fulfilled.

the Certificated Employee Contract makes no mention of a requirement for drug screening, does not make it a condition precedent for continued employment, and does not incorporate the Acknowledgment into the contract by reference. Accordingly, there are genuine issues of material fact as to whether the parties agreed that the Certificated Employee Contract would be null and void if the drug screening requirement was not met within the 24 hour period, or whether the parties entered into a new contract for the drug screening requirement, *see Williams Fruit Co. v. Hanover Ins. Co.*, 3 Wash. App. 276, 281 (1970).

Taking the facts in the light most favorable to Andrews, YSD is not entitled to judgment as a matter of law. Therefore, I would reverse the district court and I dissent.