[No. 1329-2.    Division Two.    May 8, 1975.]

PEPPER & TANNER, INC., *Appellant,* v. KEDO, INC.,
*Respondent.*

*Leon T. Noble,* for appellant.

*Jerry A. Houston* (of *Klingberg, Houston, Reitsch, Cross & Frey*), for respondent.

PEARSON, J.—This is an appeal from a judgment on a contract. The primary issue presented is whether the trial court was correct in ruling that the contract was silent as to the time for performance, and if so, whether the court imposed a reasonable time for completion of the contract.

On January 14, 1965, Mars Broadcasting, Inc. (Mars) contracted to furnish radio production services to KEDO, Inc. (KEDO) for 260 weeks, beginning February 15, 1965. In addition to a monthly payment (called rental payments), the consideration included 2,600 1-minute advertising spots to be broadcast by KEDO at Mars' request. The contract further stated, "These spots are preemptable and since they

are considered partial payment for service(s) received, they are to be valid until used." On August 18, 1966, Pepper Sound Studios, Inc. (Pepper Studios) sold other productions to KEDO under conditional sales contract for a sum of money to be paid in installments and 520 1-minute advertising spots to be broadcast by KEDO at the request of Pepper Studios. This contract also stated, "These spots are preemptable and since they are considered partial payment for service(s) rendered, they are to be valid until used."

Subsequently, Mars and Pepper Studios were merged into Pepper & Tanner, Inc. (Pepper), the appellant in this case. Pepper encountered difficulty recovering the rental and contract payments from KEDO, and there was a dispute as to the number of broadcasting spots owing. Pepper brought suit seeking judgment for the unpaid balances on these contracts and 2,815 spots. In subsequent correspondence, the owners of KEDO offered settlement terms, including the broadcasting of 701 spots if ordered within 1 year. In the trial court, KEDO claimed that the time for performance had passed and therefore, loss of spots had occurred for nonuse.

The parties stipulated that $910.65 was owed under the payment provision of the contracts. The trial court held that since the contract contained no time for performance, Pepper would be required to order the balance of its broadcasting spots within a reasonable time. The court concluded that a reasonable interpretation was that the parties intended 520 spots to be ordered each year. Since Pepper had not ordered any spots for the first 2 years, the court found that its claim to 1,040 spots had been lost. It entered judgment for 1,702 spots, and required Pepper to use 520 per year or forfeit them.

On appeal, Pepper contends that the contract was not silent as to time for performance, that the court did not impose a reasonable interpretation, that the time for perform-

ance issue was not properly raised by KEDO at trial, and that KEDO anticipatorily breached the contract.

Where a contract is silent as to duration or states time for performance in general and indefinite terms, the court is to impose a reasonable time. A reasonable time is to be determined by the nature of the contract, the positions of the parties, their intent, and the circumstances surrounding performance. *Smith v. Smith*, 4 Wn. App. 608, 484 P.2d 409 (1971); 17 Am. Jur. 2d *Contracts* § 329 (1964); 17A C.J.S. *Contracts* § 503(1) (1963). The language of the contract in the case at bar—"valid until used"—allows for potentially infinite duration of the contract. Since KEDO can perform only if the spots are requested, the time for performance is completely within the control of Pepper. The trial court concluded the KEDO should not be expected to have the contract continuing indefinitely and we agree.

In the first place there was a contractual basis for fixing 5 years as the contemplated maximum period for performance by KEDO. The spots were part of the total contract consideration to be paid. The other bargained-for consideration was tied to rental payments which were to run for a 5-year period. Consequently the "valid until used" provision could properly have been construed to be subject to the 5-year term concerning the rental payments.

Secondly, the 2,600 spots which KEDO agreed to run as advertising for Mars and Pepper were specifically not to preempt the advertising for KEDO's regular customers. Accordingly, from a practical standpoint, KEDO could only accommodate 10 spots per week without interfering with its regular advertising accounts. Thus the contract mathematics considered in light of the advertising realities also support a contemplated 5-year period of performance.

The nonpreemption element of the contract also furnishes a sound and proper basis for the court's ruling that the spots were intended to be used, if at all, on a regular basis. It stands to reason that preemption would be re-

quired if Pepper were to wait 4 years and then demand the 2,600 spots during the final year of the term. Therefore the ruling that the spots which had not been ordered during the first 2 years of the term were lost, and the requirement that KEDO utilize the 1,720 remaining spots at the rate of 520 per year appears a reasonable interpretation of the contract.

We conclude that the trial court's ruling was correct, either on the basis of interpreting an ambiguous contract reasonably in light of the practicalities involved, or on the reasonable time rule stated above. *Smith v. Smith, supra.*

■ Though not pleaded, the issue of time for performance was argued by KEDO to the trial court. No objection was made to the insertion of this issue until KEDO's findings of fact and conclusions of law were presented to the court, 8 months after the court had rendered an oral opinion. Since the issue was heard by the implied consent of Pepper, Pepper has waived any objection to it. *See Radio Corp. of America v. Radio Station KYFM, Inc.,* 424 F.2d 14 (10th Cir. 1970).

■ The letter which Pepper contends constituted an anticipatory breach of the contract was written by an officer of KEDO almost 2 years after the complaint in this action was filed. It amounted to a negotiation toward settlement, which is not an anticipatory breach because it is not an absolute refusal to perform under the contract. *See Regional Enterprises, Inc. v. Teachers Ins. & Annuity Ass'n of America,* 352 F.2d 768 (9th Cir. 1965); *McFerran v. Heroux,* 44 Wn.2d 631, 269 P.2d 815 (1954).

The judgment is affirmed.

ARMSTRONG, C.J., and PETRIE, J., concur.

Petition for rehearing denied June 23, 1975.

Review denied by Supreme Court November 5, 1975.