IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 37864-1-III |
| TAMRA R. MULHOLLAND, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| FLORIAN R. LEUSER, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Former husband Florian Leuser appeals the superior court commissioner's and judge's refusal to entertain his motion for postjudgment relief. We agree with Leuser that either or both the court commissioner and the superior court judge should have addressed the merits of the motion.

## FACTS

We review a motion for postdissolution decree relief filed by appellant Florian Leuser. We borrow the facts from the dissolution proceeding pleadings and Leuser's declaration in support of his motion.

Florian Leuser and Tamra Mulholland married on February 1, 2002. After separating in March 2018, the two collaborated on a dissolution decree without assistance

from counsel.  Mulholland then purportedly suffered medical ailments that prevented her from working.  Leuser agreed that he would financially support Mulholland until she obtained employment or began receiving social security disability (SSD) benefits.

The marital dissolution decree, dated October 4, 2018, reads:

> Respondent [Leuser] will continue supporting the Petitioner [Mulholland] in the manner to which she has become accustomed, including, but not limited to, shelter, up to a maximum of two thousand dollars ($2,000) per month. *This arrangement will continue only until such time as Petitioner is able to find gainful employment and/or qualifies for disability*.

Clerk's Papers (CP) at 19 (emphasis added).  Next to the spousal support provision, the superior court handwrote "see Findings."  CP at 19.  The referenced finding declares:

> Respondent agrees to continue supporting the Petitioner in the manner to which she has become accustomed including, but not limited to, shelter, up to a maximum of two thousand dollars ($2,000) per month. *Petitioner understands this means the amount of the support she receives from the Respondent on a monthly basis will fluctuate depending upon his own support needs*.

CP at 6-7 (emphasis added).  In the margin next to the above finding, the superior court handwrote:

> The Court has discussed with Petitioner that this agreement is vague and may not be enforceable.

CP at 6.

The dissolution decree also governed attorney fees and costs.  The decree reads that "Respondent must pay Petitioner's lawyer's fees, other professional fees, and costs for this case."  CP at 19.

2

PROCEDURE

On September 8, 2020, twenty-three months after entry of the dissolution decree, Florian Leuser filed a motion captioned "Motion for Post Judgment Relief." CP at 26. He requested that the superior court "cease spousal support payments as contemplated by the Final Divorce Order." CP at 26. Leuser argued that Tamra Mulholland failed to fulfill her implied duty of good faith to find gainful employment or to qualify for SSD benefits within a reasonable time. He ended his motion by writing: "Mr. Leuser requests that this Court determine that this reasonable period of time has ended and he may cease to pay any spousal support to Ms. Mulholland." CP at 29.

With his motion, Florian Leuser filed a declaration. In the declaration, Leuser averred that the Social Security Administration (SSA) denied Tamra Mulholland SSD benefits on the basis that no health conditions prevented her from working. Leuser declared that Mulholland had made no attempt to find a job, despite being denied SSD benefits. He believed that Mulholland intended, in bad faith, to receive lifetime support from him.

In his declaration, Florian Leuser added that Tamra Mulholland previously worked as a paralegal. According to Leuser, Mulholland could easily find a legal support or general clerical position in Spokane based on her employment history. Leuser averred that he had complied with the final divorce order by paying Mulholland approximately $900 to $1,500 per month in spousal support. He asked that the obligation end.

In his postdissolution motion, Florian Leuser cited decisions that held that general principles of contract law govern settlement agreements. He also cited this court's conclusion in *Pepper & Tanner, Inc. v. Kedo, Inc.*, 13 Wn. App. 433, 435, 535 P.2d 857 (1975), that, when a contract falls silent or uses indefinite terms for duration, the court should impose a "reasonable time," determined by the nature of the contract, the position of the parties, their intent, and the circumstances surrounding performance. CP at 28.

On September 8, 2020, Florian Leuser served, by mail, Tamra Mulholland with his motion for postjudgment relief, his declaration, and a notice of hearing. The notice of hearing read: "[i]f the non-moving party does not appear, this motion will be granted." CP at 30. The notice of hearing scheduled the hearing on the family law docket for September 29.

On September 29, 2020, the superior court commissioner heard argument on Florian Leuser's postjudgment relief motion. Tamra Mulholland did not file a written response, nor appear at the hearing. At the outset of the hearing, the commissioner commented that Leuser failed to properly schedule his motion hearing. The commissioner remarked that Leuser should have placed his motion on the child support docket and should have filed a financial distribution sheet.

4

Florian Leuser's counsel responded that Leuser did not seek to modify or terminate spousal support on the basis of a substantial change in circumstance, but rather sought a declaratory judgment:

> This is more of a . . . request for declaratory judgment essentially by this court that the conditions upon which may (unintelligible) to be terminated via the divorce decree have been met and have been satisfied. . . And so again, that's kind of how it was brought to this court that there was a preconditioned [sic] for maintenance being over, which is Ms. Mulholland either obtaining employment or applying for social security disability. It's been two years since the . . . divorce decree, and so again, we're just trying to make a declaratory judgment that the precondition has been met. This is not to terminate maintenance on a change of circumstance under the statute.

CP at 45-46.

The superior court commissioner reminded Florina Leuser's counsel that Leuser requested termination of spousal support. The commissioner then denied Leuser's motion for postjudgment relief. The commissioner wrote in an order:

> I. Basis: Respondent moved the court for post judgment relief requesting that Mr. Leuser can cease all spousal support to Ms. Mulholland.
> II. Finding: . . . This is not the proper procedure for ending maintenance in this case. The Respondent must file a petition to terminate maintenance.

CP at 34.

Instead of taking economic steps, Florian Leuser, on October 7, 2020, moved for revision of the superior court commissioner's order denying his motion for postjudgment relief. Leuser filed a memorandum in support of his motion for revision that

5

characterized his motion for postdissolution relief as a "[m]otion for [c]larification." CP at 40. He argued that the commissioner wrongfully conflated his motion for clarification with a petition to modify maintenance. Leuser sought a duration of a "reasonable time" to be inferred from the decree. He requested that, if the superior court agreed a reasonable time had elapsed since the court entered the dissolution decree, the court should grant him declaratory relief allowing him to cease paying spousal support.

On October 22, 2020, the superior court judge conducted a revision hearing. Tamra Mulholland did not respond to Florian Leuser's revision motion, nor did she appear at the revision hearing. At the start of the hearing, Leuser's counsel branded the pending motion as one for clarification. The superior court judge disagreed that Leuser's motion sought clarification:

> Counsel, so you indicated that this is essentially a motion to clarify. *I don't see that that was argued to Commissioner Pelc*. What was argued to Commissioner Pelc was a request to cease the spousal support payments. *There is no reference to a request for clarification*.

Report of Proceedings at 5 (emphasis added). The superior court judge then denied the motion for revision because Leuser asserted a new argument before her.

The superior court judge recognized the reasonableness of Florian Leuser's request for clarification. The court added, however, that it could not address the merits of Leuser's request anyway, because he submitted insufficient evidence that would allow the court to assess a "reasonable time" under the case's circumstances. The court wished

6

to learn information relevant to the factors listed in RCW 26.09.090, including the duration of the marriage, the standard of living during the marriage, and Leuser's ability to pay.

The superior court judge suggested to Florian Leuser that he bring a motion to either terminate spousal support or a motion to clarify the dissolution order. Instead of taking the economical step, Leuser appealed to this court.

## LAW AND ANALYSIS

This appeal raises many unique procedural questions. First, what label should this court give Florian Leuser's postdissolution decree motion? Should the court commissioner have entertained Leuser's motion? Should the superior court judge have entertained Leuser's motion? Should this court grant Leuser his requested relief because Tamra Mulholland defaulted? Did Florian Leuser file sufficient evidence for a court to resolve his posttrial motion?

### Nature of Florian Leuser's Motion

Florian Leuser asks that we categorize his motion for postjudgment relief as a motion for declaratory judgment or a motion to clarify. He does not distinguish between a motion for declaratory judgment and a motion to clarify. In turn, he asks us to differentiate between a motion for declaratory relief or to clarify and a motion to modify a final judgment. He maintains that his motion sought only to interpret, not change, the language in the final dissolution decree.

7

A petition to modify or terminate spousal maintenance depends on a substantial change in circumstances. RCW 26.09.170(5)(a). According to Florian Leuser, he did not argue a change in circumstances. He did not ask the court to modify payments based on the parties' relative financial circumstances. Therefore, the court commissioner should have considered the motion on a family law calendar, not the child support docket, and not require a financial distribution sheet.

Tamra Mulholland responds that Florian Leuser did not request clarification of the final divorce decree, but rather sought to terminate his spousal support obligation. Thus, the court commissioner correctly declined to entertain the motion on the general family law docket. Mulholland emphasizes that Leuser's original motion never uses the term "clarification" or any variation of that word.

Whereas Florian Leuser insists his motion sought declaratory or clarificatory relief and needed to be placed on the family law calendar, Tamra Mulholland insists the motion sought termination of spousal maintenance and needed to be placed on the child support docket. But the parties' positions present a false alternative. The motion could be a declaratory motion to interpret the dissolution decree and a motion to terminate spousal maintenance based on an interpretation as to a reasonable time, during which Tamra Mulholland needed to gain employment or social security benefits. The parties also mistakenly suggest that the motion either needed to be filed on the general family law

docket or the child support docket when maybe the motion fit the description for both dockets and Leuser could exercise a choice in dockets.

The Spokane County Superior Court Local Rules (LSPR) distinguish between nondescript marital dissolution proceeding motions and other specific dissolution proceeding motions that must be placed on special dockets. LSPR 94.04(h) governs the first category. The specific categories include paternity, domestic violence, modification of parenting plans, modification of support and maintenance, and relocation motions. LSPR 94.04(n) controls the modifications of spousal maintenance and requires the movant to schedule a hearing on a motion on a special calendar devoted to such motions. The court's family law coordinator schedules the motion. LSPR 94.04(n)(2)(B.). Tamra Mulholland does not contend that, assuming Florian Leuser's motion constituted a request for a clarification, he placed his motion on the wrong docket calendar.

A court modifies a decree when the court extends or reduces rights given to one party beyond the scope originally intended. A clarification, on the other hand, merely seeks a definition of rights already given. *In re Marriage of Thompson*, 97 Wn. App. 873, 878, 988 P.2d 499 (1999). An ambiguous decree may be clarified, but not modified unless the movant establishes conditions supporting the opening of a judgment. *In re Marriage of Thompson*, 97 Wn. App. 873, 878 (1999).

Florian Leuser's motion, although containing elements of both a motion to modify and a motion for clarification, fell primarily on the clarification side of the imaginary and

jagged line between modification and clarification. Leuser did not seek to modify the terms of the original dissolution decree. He sought a ruling that clarified that the original decree meant that Tamra Mulholland needed to either gain employment or procure Social Security benefits within a reasonable time, which ruling could end his maintenance obligations.

Because we conclude that Florian Leuser correctly scheduled his motion hearing, we rule that the court commissioner, and, in turn, the superior court should have addressed the merits of his motion. All commissioner rulings are subject to revision by the superior court. RCW 2.24.050; *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). On revision, the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based on the evidence and issues presented to the commissioner. *State v. Ramer*, 151 Wn.2d 106, 113 (2004).

## Default Order

Florian Leuser contends that either the court commissioner or the superior court judge should have granted him a default order granting him the relief he requested. He impliedly asks this court to rule, by default, that his obligation to pay spousal maintenance has ceased.

The law disfavors default judgments because of a desire to resolve controversies on the merits rather than by default. *Little v. King*, 160 Wn.2d 696, 703, 161 P.3d 345 (2007); *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979).

10

Nonetheless, Washington courts also value an organized, responsive, and responsible judicial system wherein litigants acknowledge the jurisdiction of the court to decide their cases and comply with court rules. *Little v. King*, 160 Wn.2d 696, 703 (2007). The fundamental goal is to perform justice. *Little v. King*, 160 Wn.2d at 703; *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582 (1979). Justice depends on the circumstances of each case rather than unbending rules. *Little v. King*, 160 Wn.2d at 703.

Although we could affirm a default order against Tamra Mulholland, this case will be remanded to the superior court. Mulholland could then ask to vacate the default. Because Mulholland now actively litigates the postdecree motion, we direct, in the interest of justice and resolving cases on the merits, that Mulholland be able to file countervailing pleadings.

## Interpretation of Dissolution Decree

Florian Leuser asserts that Washington disfavors permanent alimony and the final dissolution order imposed an obligation on Tamra Mulholland to either obtain gainful employment or qualify for disability benefits within a reasonable time. Leuser highlights provisions of the decree that show an intent that alimony be temporary. Leuser further argues that Mulholland violated principles of good faith by failing to seek any employment after being denied SSD benefits.

Tamra Mulholland responds that, even if Florian Leuser's motion sought clarification, the superior court correctly refused to address the merits of the motion.

11

Mulholland criticizes Leuser's reliance on a self-serving declaration, which declaration offers his opinions and facts without providing a foundation for them or without his having personal knowledge of the facts. Mulholland argues that Leuser's opinions are governed by, and inadmissible pursuant to, ER 701, which rule governs lay witnesses.

Florian Leuser replies that RAP 2.5(a) bars Tamra Mulholland's arguments made for the first time on appeal. He argues that, because Mulholland failed to appear at hearings before or submit any pleadings to the superior court, this court should refuse to consider her arguments.

On appeal, Mulholland cites no deficiency in service or notice, nor an inability to participate. She provides no reason why the superior court could not have addressed and ruled on her evidentiary objections. Accordingly, we refuse, under RAP 2.5(a) to address Mulholland's evidentiary objections made for the first time on appeal.

We agree with Florian Leuser that the dissolution decree imposed a good faith obligation on Tamra Mulholland to find employment if she did not qualify for Social Security benefits. In turn, the court should assess a "reasonable time" for purposes of Florian Leuser's continuing obligation to pay spousal maintenance if Mulholland fails to gain employment. *Pepper & Tanner, Inc. v. Kedo, Inc.*, 13 Wn. App. 433, 435 (1975).

## Evidence of a Reasonable Time

Florian Leuser contends that, contrary to the superior court judge's conclusion, the court did not require more information before determining a reasonable time. He argues

that the court improperly considered what would be a reasonable amount of time for maintenance awarded generally under RCW 26.09.090, when he actually requested a determination of a reasonable time for Tamra Mulholland to find employment or qualify for SSD benefits as imposed by the dissolution decree. He asserts that a reasonable time for one of these two conditions have passed, and thus the superior court should have found he could cease making spousal support payments. Tamra Mulholland responds that Leuser's motion for postjudgment relief lacked sufficient evidence or reasoning supporting any particular interpretation of "reasonable time," let alone his interpretation that two years was a reasonable time.

RCW 26.09.090(1)(a)-(f) provides a nonexhaustive list of factors for the dissolution court to consider when awarding spousal maintenance. Those factors include the parties' respective financial resources, the standard of living during marriage, the duration of the marriage, the age of the parties, the parties' respective physical condition, and the ability of the one spouse to assist the other spouse.

We agree with Florian Leuser that he did not ask the superior court to decide anew the amount and duration of spousal maintenance. Therefore, the RCW 26.09.090 factors do not govern his motion to clarify the dissolution decree. He instead sought an interpretation of the 2018 decree. He asked for a declaration of what constituted a reasonable amount of time based on the obligation to pay during the time that Tamra

13

Mulholland could not defray her expenses and based on the implied obligation for her to obtain employment or gain Social Security benefits.

We still disagree with Florian Leuser that the trial court needed no more information to render a decision. Leuser's declaration suffers some deficiencies. First, he avers that SSA denied Tamra Mulholland SSD benefits because she is capable of working. In other words, she is not disabled. But the SSA could have denied benefits on other grounds. Leuser presented no ruling from the SSA to the court.

Second, Florian Leuser declares that Tamra Mulholland, in bad faith, made no attempt to find a job since being denied disability benefits. But, he does not state, nor does the record indicate, when the SSA denied benefits to Mulholland. If the SSA denied Mulholland benefits only a few months before Leuser moved for postjudgment relief, a reasonable time had likely not passed. Leuser may have also lacked percipient knowledge of Mulholland's search for employment.

Finally, Florian Leuser opines that, given Tamra Mulholland's work history as a paralegal, she can easily gain employment in a similar position in Spokane. Leuser fails to detail essential details, however, about Mulholland's employment history and her medical condition.

Attorney Fees on Appeal

Tamra Mulholland contends that Florian Leuser should pay her attorney fees on appeal pursuant to: (1) the divorce decree's fees and costs provision and (2) RCW 26.09.140. She filed a financial declaration showing no independent income.

Florian Leuser responds that this court should deny Tamra Mulholland's attorney fees request because she failed to request attorney fees before the superior court. Leuser cites no authority barring a party from requesting attorney fees on appeal unless he or she first requested attorney fees accrued at trial.

The 2018 dissolution decree reads that "Respondent [Florian Leuser] must pay Petitioner's lawyer's fees, other professional fees, and costs *for this case*." CP at 19 (emphasis added). Tamra Mulholland interprets the phrase "for this case" to imply that Florian Leuser must pay her attorney fees and costs arising in this case no matter when incurred.

We read the dissolution decree as contemplating that Florian Leuser would cover all costs associated with the dissolution proceeding to the date of the decree. The provision does not govern future disputes. Leuser should not be bound to pay all attorney fees and costs in future proceedings arising from the parties' divorce irrespective of the merits of the claims or the respective financial conditions of the parties.

RCW 26.09.140 authorizes this court to award attorney fees on appeal, declaring, in relevant part:

15

> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs.

Determining whether a fee award is appropriate requires the court to consider the parties' relative ability to pay. *Leslie v. Verhey*, 90 Wn. App. 796, 807, 954 P.2d 330 (1998). The court should also examine the arguable merit of the issues raised on appeal. *Leslie v. Verhey*, 90 Wn. App. 796, 807 (1998).

RAP 18.1(c) requires parties to file a financial affidavit on appeal if one of the parties seeks recovery of reasonable attorney fees. In *In re Marriage of Mansour*, 126 Wn. App. 1, 17, 106 P.3d 768 (2004) and *In re Marriage of Fox*, 58 Wn. App. 935, 940, 795 P.2d 1170 (1990), this court granted the respective wives reasonable attorney fees based on a financial affidavit evidencing need. Neither husband countered with an affidavit detailing his ability or inability to pay. Florian Leuser has failed to file any financial declaration. Therefore, we follow *In re Marriage of Mansour* and *In re Marriage of Fox* and grant Tamra Mulholland some of her reasonable attorney fees incurred on appeal. We exercise our discretion and award her only half of the fees incurred because her failure to respond to Leuser's motion before the superior court contributed to the need for an appeal.

## CONCLUSION

This court reviews the superior court judge's decision rather than the court commissioner's ruling. RCW 2.24.050; *State v. Ramer*, 151 Wn.2d 106, 113 (2004).

16

No. 37864-1-III
*In re Marriage of Mulholland and Leuser*

Therefore, we remand to the superior court to determine a reasonable time, during which Tamra Mulholland should have gained employment or obtained Social Security benefits. The parties may file additional declarations to help resolve this question. The superior court may request additional information from the parties. The superior court may also remand to the court commissioner to first resolve the issues before the court.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, C.J.

17